This is a child custody case.
On October 23, 1981 the juvenile division of the Circuit Court of Mobile County awarded custody of a minor child, Ashley Hope Stone, to the Mobile County Department of Pensions and Security. Thereafter the mother, Shirley Stone, filed a motion for custody or in the alternative for specific visitation rights. Before trial, attorney for the mother made an oral motion for recusal claiming that the court had heard previous cases involving parental rights of the child's maternal grandmother. The motion was subsequently denied, and the case was heard ore tenus. On April 30, 1982 the court entered an order awarding custody of the child to the Department of Pensions and Security and terminating all parental rights of the mother. Following a denial of her motion to reconsider, the mother has appealed to this court.
Two issues are raised for our consideration by the mother's appeal. First, she argues that the Department of Pensions and Security failed to meet its burden of showing by clear and convincing evidence that termination of parental rights was proper. Second, the mother contends that her motion for recusal should have been granted since the court had prior knowledge of herself and her mother.
In dealing with a child custody case where the evidence is heard ore tenus, this court is constrained by the rule that every presumption of correctness must be accorded to the trial court's decision. Williams v. Williams, 402 So.2d 1029
(Ala.Civ.App. 1981). A reversal is mandated only in those instances in which it is shown that the trial court plainly and palpably abused its discretion. Garrison v. Kesek,406 So.2d 953 (Ala.Civ.App. 1981). In the instant case, however, after careful examination of the record, we find none of those factors which would lead us to believe that the trial court abused its discretion in awarding custody of the child to the Department of Pensions and Security and terminating the mother's parental rights.
Appellant, in arguing that the Department of Pensions and Security has not met its burden of proof, relies on our decision of Glover v. Alabama Department of Pensions Security, 401 So.2d 786 (Ala.Civ.App. 1981), where we said that:
 "We consider important that the State, in seeking permanent termination of parental rights, as compared to temporary custody of a dependent child, establish not only the permanent incompetency and unsuitability of the parent by clear and convincing evidence, but that it present a viable alternative to better serve the future welfare of the children."
We find, however, that Glover, supra and the instant case are distinguishable on their facts. In the Glover decision this court dealt with a situation in which the mother, while suffering from "mental, emotional, psychological and character weaknesses," had made great progress in establishing a home environment in which her children could be reared. We also found that the condition of one of the Glover children had deteriorated while in a foster home and that neither of the two children involved was adoptable. The facts in the instant *Page 131 
case, however, reveal a pattern of behavior on the part of the mother, starting from a time shortly after the birth of Ashley when she left the child in the home of a maternal uncle and aunt while she was in prison for drug-related offenses, which leads to a finding of "permanent incompetency and unsuitability." Glover, supra. There is also evidence, here, to show that the mother is suffering from a long-term drug problem. The evidence also shows that she was in the hospital for drug withdrawal symptoms within two weeks of the hearing on the custody and parental rights proceedings and that she was unemployed. The evidence further shows that she is twenty-seven years old and the longest period that she had been employed was three to four months. Moreover, the record indicates that Ms. Stone had no residence of her own and that she was completely dependent on her mother for support. According to testimony from a Department of Pensions and Security caseworker, specific goals had been worked out between Ms. Stone and the department which should have been met before Ashley could be returned to her mother. These goals were never achieved. The caseworker also indicated that Ashley's condition had improved while she was in the foster home and that she was adoptable. At the time Ashley was placed in the temporary custody of the Department of Pensions and Security, she was about four years old, weighed about twenty-seven pounds, and was still receiving milk from a bottle. She had a number of cavities due to the long-continued dependence on the milk bottle. For the foregoing reasons and other evidence in the record that we concluded should not be recited here, we do not find that the trial court plainly and palpably erred in awarding custody of the child to the Department of Pensions and Security and terminating the mother's parental rights.
We also find no merit in appellant's contention that her motion for recusal should have been granted. It has been held that "[t]he bias or prejudice that will disqualify a judge must be `personal' as distinguished from `judicial' bent; the disqualifying bias or prejudice `characterizes an attitude of extrajudicial origin, derived coram non judice.'" (Citations omitted.) Koch v. State, 401 So.2d 796 (Ala.Cr.App.), cert.denied, 401 So.2d 801 (Ala. 1981). Appellant's charge of bias was based on allegations that the trial judge had come into contact with her and her mother in prior court hearings; and since there was no charge of "personal" bias, the motion for recusal was properly denied.
For the foregoing reasons we find no error in the trial court's decision.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.