HOLMES, Judge.
This is a parental rights termination case.
The Circuit Court of Etowah County, after an ore tenus hearing, terminated the parental rights of the mother regarding her four children.
The legal guardianship and the permanent care, custody and control of the four children were granted to the Alabama Department of Pensions and Security (DPS) with power granted to proceed with permanent plans and placement for the children.
The mother, through able counsel, appeals from that action, and we affirm.
Viewing the record with the attendant presumptions accorded the circuit court’s action, the following is revealed.
The mother has a chronic history of criminality. She has been incarcerated in a federal facility and in the state prison.
Testimony given at the trial indicates she has been diagnosed as having an anti-social personality. Such a diagnosis is reserved for individuals who are basically unsocial-ized and whose behavior patterns bring them repeatedly into conflict with society. They are defined as being incapable of significant loyalty to persons, groups or social values. Such a diagnosis is unlikely to change because an anti-social personality is more fixed than many other personality types.
The oldest of the four children, a sixteen year-old boy, has significant emotional problems, including depression, and withdrawal. He has been both enuretic and encopretic in the recent past. The next oldest boy, thirteen, shows evidence of cultural deprivation which has apparently affected his I.Q. He is very dependent on his older brother, and is also depressed. There is evidence of an early negative environment in which his needs were not met.
*553 The youngest of the three boys, nine, is insecure, withdrawn and depressed, and has bizarre impressions of females.
The youngest child, a six year-old daughter, has not been in the care of the mother since March of 1980. No emotional evaluation of her has been done primarily because she has pot shown any particular significant behavior problems in her foster home.
Testimony indicates the mother’s anti-social personality makes her incapable of meeting the particular needs of the children. A counselor said it would be too risky as far as the welfare of the children was concerned to return them to the mother, and that it was not in the best interest of the children to gamble on the mother despite some evidence of an apparent reformation of her past.
DPS had its first contact with the mother in 1967. DPS social workers testified as to reports that the children were often found alone, the home was found filthy, and that the two oldest boys had excessive absences from school. There were also reports of police being called to the home.
The mother’s second husband, the father of the daughter, was abusive toward the children, according to reports. Although divorced from the mother now, the second husband apparently still has some contact with the mother.
The first husband relinquished all parental rights to the three boys.
The four children have been in the care of DPS for a little over two years. A social worker who specializes in permanent placement of children testified she had no reservations about the ability of DPS to place the children in a proper and permanent home.
The testimony by counsellors and DPS workers indicated the emotional and developmental problems of the three boys was due to their earlier “noxious environment,” described as a very negative environment. In short, the witnesses testified the three boys had significant emotional problems which were due to their childhood environment and that it would not be in their best interest to return them to the mother.
The order terminating the mother’s parental rights stated, “there is clear and convincing evidence of the failure of [the mother] to provide a stable environment conducive to meeting the physical and emotional needs of [the children], and in view of the children’s emotional damage sustained from such instability, all documented by evidence presented in open court,” the mother’s parental rights are terminated. From this order the mother appeals, and, as indicated, we affirm.
The dispositive issue on appeal is whether there is sufficient evidence to support that order. Put another way, is the evidence “clear and convincing” that the best interest of the children would be served by terminating the mother’s rights.
The governing legal principles, set forth in Ely v. Casteel, 341 So.2d 730, 734 (Ala.Civ.App.1977), and often repeated in our eases, are that: “[T]he natural parent has a prima facie right to the child’s custody. However, the right is not absolute but is subject to the equally well settled rule that the best interest and welfare of the child are controlling.... ”
To-terminate one’s parental rights there must be clear and convincing evidence that terminating such rights would be in the best interest of the children. Miller v. Alabama Dept. of Pensions and Security, 374 So.2d 1370 (Ala.Civ.App.), writ quashed, 374 So.2d 1378 (Ala.1979). See also Massey v. Massey, 410 So.2d 422 (Ala.Civ.App.1981), cert. denied, 410 So.2d 426 (Ala.1982). The trial court’s judgment in termination of parental rights cases is reviewed under the ore tenus rule. On appeal that judgment will be given every favorable presumption and will not be disturbed unless palpably wrong. Phillips v. Alabama Dept. of Pensions and Security, 394 So.2d 51 (Ala.Civ. App.1981); Smith v. State Dept. of Pensions and, Security, 340 So.2d 34 (Ala.Civ. App.1976).
After carefully considering the record in this case, this court finds the evidence to be “clear and convincing” that the best interest of the four children was met *554 by the circuit court’s action. We particularly note the mother’s history, the special needs of these children for stability and the mother’s irresponsibility in her past dealings with DPS concerning her children’s care.
The past neglect and emotional abuse of the children are important considerations in cases of this nature. See Miller v. Alabama Dept, of Pensions and Security, supra.
Furthermore, in seeking permanent termination of a parent’s right, the existence of a viable alternative to better serve the future welfare of the children should be established. Glover v. Dept. of Pensions and Security, 401 So.2d 786 (Ala.Civ.App.1981). A DPS employee with eight years of experience testified these children could be placed in permanent homes. But such permanent placement cannot take place until the parent’s rights are terminated.
We therefore find the evidence “clear and convincing” that termination of the mother’s parental rights is in the best interest of the children. We affirm.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.