This is a case of termination of parental rights to dependent children. *Page 888 
After petition and hearing, the court determined two Handley children to be dependent under § 12-15-65 (e), Code of Alabama 1975, and granted temporary custody to the Department of Pensions and Security (DPS) in 1977. Temporary custody remained with DPS from December 15, 1977, until the court granted a petition for disposition by termination of parental rights on March 8, 1984. From the latter order, the mother appeals, contending that such disposition order is not supported by the evidence.
 FACTS
DPS first became aware of the Handley children in 1975 when it began giving supportive services to the family. The father and mother were living together at that time, but there was a need for food, clothing and shelter. After two years of such support and accumulation of reports of neglect and lack of necessities, together with allegations by the mother of possible sexual abuse by the father, the court granted DPS legal custody of the children in 1977.
The children remained in the custody of DPS until April 1983. During that time the parents divorced and the father moved away. The mother lived with another man for some two years in various places but stayed in contact with the children through visitation. She subsequently married the man with whom she had been living, but never established a suitable home or environment for the children.
Because of the marriage and attempts to establish a home for the children, DPS made a contract with the mother in January 1983 by which, if completed, the children could be returned to her. The mother complied and physical custody of the children was given to her. However, shortly thereafter, the mother and her husband separated. DPS aided in securing an apartment for mother and children with a worker regularly visiting.
For about four months, the home was satisfactorily maintained. Then it was learned that the mother was evicted from the apartment for misbehavior; that she had been living with an eighteen-year-old boy who had never been employed. The mother, with her boyfriend and the children, then moved from relative to relative and ultimately to a trailer park. There the DPS worker found her, the boyfriend and the children living in an old automobile with three dogs. The children were filthy and infested with head lice. Their physical custody was returned to DPS. The mother continues to live with her boyfriend wherever they can find shelter.
At the time of the disposition hearing, the children were ages ten and seven. The mother is thirty-one. The father has not visited the children in several years and stated their best interest would be served by removal from the mother. Except for the recent four months, the mother has not had custody in seven years. The children were enrolled in school and doing well. DPS's plan for the children is to place them for possible adoption or foster home care.
 MERITS
We consider that the extended, yet incomplete, statement of facts of itself answers the mother's contention of insufficient evidence to warrant the order of termination of parental rights. For seven years the state has had custody of and provided support for the two children, while the mother ran free without obligation. DPS has diligently sought to aid the mother toward rehabilitation and establishment of a home and environment suitable for the children. Except for the brief period of four months, all effort was fruitless. The end result of the four months was the return to filth and depravity. It seems evident that there is no viable alternative but to terminate parental rights so that permanent planning may be made to serve the best interest of the children. Though there may be slight likelihood of adoption because of the age of the children, there appears no likelihood that the mother and her eighteen-year-old paramour will ever be able to contribute to the welfare of the children. Foster home care, as for the past *Page 889 
seven years, is preferable to living in an automobile with three dogs and head lice.
We consider that the judgment of the trial court in this case is supported by clear and convincing evidence and conforms to the principles stated by this court in the cases of Glover v.Alabama Department of Pensions and Security, 401 So.2d 786
(Ala.Civ.App. 1981), and Miller v. Alabama Department ofPensions and Security, 374 So.2d 1370 (Ala.Civ.App.), writquashed, 374 So.2d 1378 (Ala. 1979).
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.