This is a termination of parental rights case.
The Alabama Department of Pensions and Security (DPS) brought a petition in the Montgomery County Juvenile Court, seeking permanent custody of April Devone Burnett and termination of parental rights. The paternal great-grandmother intervened, seeking custody. After a hearing, the court granted the petition of DPS. From that judgment the mother and grandmother appeal.
It is well settled that although a parent has a prima facie right to custody of his child, the best interests of the child are controlling. Borsdorf v. Mills, 49 Ala. App. 658,275 So.2d 338 (1973). In order to terminate parental rights, the court must apply what is essentially a two-prong test. First, the court must find from clear and convincing legal evidence that the child is dependent. § 12-15-65 (e), Code of Alabama 1975. Once dependency is found, the court must decide if less drastic measures than termination of parental rights would better serve the best interests of the child. Miller v. Alabama Departmentof Pensions and Security, 374 So.2d 1370 (Ala.Civ.App. 1979). On appellate review, the ore tenus rule applies. Hudgins v.State, 418 So.2d 913 (Ala.Civ.App. 1982).
After carefully reviewing the record, we find that Victoria is indeed an unsuitable and incompetent parent. After giving birth to April, at the age of fourteen, Victoria and the baby were rejected by almost everyone in her family. The only relative to offer them shelter was Victoria's paternal grandmother, Ms. Williams.
DPS was involved with Victoria and April from the beginning. After helping them find a home, DPS continued to monitor the case. Over the next two years, the evidence shows that Victoria's conduct was immoral and irresponsible. She made no progress in school, and her school attendance was irregular, with frequent tardiness and absences. Because of frequent arguments with Ms. Williams, Victoria moved in with her sister. April went with Victoria but stayed at the sister's home only four weeks. At that time, April was hospitalized with pneumonia. After recovering, she was returned to Ms. Williams, where she has lived since. While still in the sixth grade, Victoria became pregnant a second time five months after the birth of April, but had a miscarriage in November 1982. Victoria was uncooperative with DPS in the area of birth control. She was placed in the Brantwood Children's Home in July of 1983. Again, Victoria achieved little progress in school while at the home. DPS, meanwhile, made plans to find a joint foster placement for Victoria and April. However, before the plans could be completed, Victoria became pregnant for the third time, and the plans had to be abandoned. These facts, and others, show by clear and convincing evidence that Victoria is a parent unable to provide support, training, or education for her child, thus making April a dependent child within the statutory definition of § 12-15-1 (10)(b). The first prong of the test for termination of parental rights is satisfied.
On appeal, Victoria admits that she is not presently capable of caring for April, but joins with Ms. Williams in her *Page 629 
cross-petition, seeking temporary custody. This presents the second issue of the two-prong test. Did the trial court consider less drastic measures than termination of parental rights? The less drastic measures set out in § 12-15-71 include placing the child with a relative. DPS explored the possibility of placing April with all known close relatives, but all of them refused custody except Ms. Williams.
The trial court in its opinion held that Ms. Williams was unsuitable for custody because she was sixty-seven years old, in ill health, suffered financial hardship, including bankruptcy, and provided only marginally adequate care and supervision for April in the past. Her future under such circumstances is bleak, with likelihood of her following the pattern of her mother. We have stated before that old age and financial condition are proper matters to be considered in denying custody to a relative of the parent in a termination of parental rights case. Matter of Rivera, 444 So.2d 858
(Ala.Civ.App. 1983).
We affirm the judgment of the trial court.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.