This is a termination of parental rights case.
After an ore tenus hearing, the Juvenile Court of Madison County ordered the permanent termination of all parental rights of the mother and awarded custody of the child to a state-approved adoption agency, the Association for Guidance, Aid, Placement and Empathy of North Alabama, Inc. (AGAPE).
From this decree the mother, through able counsel, appeals, contending in the main that the evidence does not support the trial court's action in terminating her parental rights. We do not agree and affirm the action of the trial court.
Viewing the testimony with the attendant presumptions of correctness, the following is revealed.
The child was born in September of 1982 and required special hospitalization care because of medical complications at birth. At that time, the child was transferred to a special care hospital for children in Birmingham. The mother never saw the child.
While still in the hospital, the mother gave her consent to release the child into the custody of AGAPE. The child was placed in a foster home upon release from the hospital and has remained in the care of the foster parents since that time.
At no time has the mother visited the child and, prior to this action, has only expressed the desire to see the child on one occasion. However, the mother failed to keep that appointment. Additionally, no letters or gifts have ever been sent to the child by the mother.
A social worker for AGAPE testified that the mother had visited AGAPE before the birth of the child and discussed her desire that the child be placed for adoption. Other alternatives were discussed, but the *Page 1057 
mother showed no interest in the other alternatives.
Evidence was presented that the mother has never been married and has one other child. The other child is in the legal custody of the mother's grandparents.
Testimony revealed that the mother is not financially self-sufficient, depending upon her grandparents for support. The grandfather is seventy-four years old, and the grandmother is seventy-one years old.
The mother's father also lives on the premises in a separate house. There was evidence that he is an alcoholic and is also dependent on the grandparents for support.
There was also evidence that the mother has a drug dependency problem. Following her hospital stay from the birth of the child, the mother was arrested for illegal possession of drugs and for forgery. She plead guilty and was sentenced to fifteen years in the penitentiary. The mother served eleven months in prison and was released on probation.
The mother has a total of ten felony charges and six youthful offender charges.
The child has been living in the foster home since birth. There was testimony that the child is happy and is doing extremely well. The social worker for AGAPE stated that the foster parents desire to permanently adopt the child.
After an ore tenus hearing, the trial court entered an order finding the child to be "dependent" and ordered a dispositional hearing at a later date.
At the dispositional hearing, a home study of the mother was presented, and the court entered an order placing custody of the child in AGAPE and terminating the mother's parental rights. Notice was given; the mother did not attend the dispositional hearing and gave no reason for her absence.
As stated, the mother appeals, contending that the evidence does not support the trial court's action in terminating her parental rights.
It is well settled that, although a parent has a prima facie
right to custody of her child, the best interests of the child are controlling. Borsdorf v. Mills, 49 Ala. App. 658,275 So.2d 338 (1973). In order to determine the best interests of the child, the trial court may examine the conduct and activities of the parent. In re Shivers, 440 So.2d 1081 (Ala.Civ.App. 1983).
A two-prong test must be applied in order for the court to terminate parental rights. First, the court must find that the child is dependent from clear and convincing evidence. Ala. Code (1975), § 12-15-65 (e). After dependency is found, the court must consider other alternatives to termination of parental rights and determine if less drastic measures would best serve the interests of the child. Matter of Burnett, 469 So.2d 627 (Ala.Civ.App. 1985).
At this point we note, as in other cases presented ore tenus, the decision of the trial court is presumed correct and will not be set aside unless it is so contrary to the evidence as to be plainly and palpably wrong. Stone v. State Department of Pensionsand Security, 421 So.2d 129 (Ala.Civ.App. 1982).
Here, there was evidence that the mother is not financially self-supporting and lives with her elderly grandparents. There was also evidence that the mother has a drug-related problem and has been convicted of several felonies. The mother has also shown little interest in the child in the two years since the child was born.
Additionally, concerning alternatives, there was testimony that the mother's father is an alcoholic and also depends on the grandparents for financial support. The elderly grandparents are not only responsible for the support of the mother and the mother's father but also have legal custody of the mother's first child.
Furthermore, there was evidence that the child is happy and is well adjusted in the foster home. The social worker stated that the child, who was two years old at the time of the hearing, does not know that she is a foster child. The foster parents have *Page 1058 
also expressed a desire to permanently adopt the child.
In view of all the evidence, the mother's financial condition, her past drug dependency, her prior criminal record, her apparent lack of interest in the child, the lack of a suitable alternative, and the present condition and home environment of the child with the foster parents, we cannot say that the trial court erred in terminating the parental rights of the mother and awarding custody to AGAPE. This seems to be clearly within the best interest of the child. See Handley v. State Department ofPensions and Security, 455 So.2d 887 (Ala.Civ.App. 1984).
Put another way, the judgment of the trial court is supported by clear and convincing evidence and conforms to the principles stated by this court in Williams v. State Department of Pensionsand Security, 460 So.2d 1348 (Ala.Civ.App. 1984), and Parker v.Department of Pensions and Security, 437 So.2d 551 (Ala.Civ.App. 1983).
The mother also contends that the trial court at the dispositional hearing erred in admitting the written home study report because the author of the report was not present at the hearing for purposes of cross-examination.
Section 12-15-65 (f), Ala. Code (1975), states in part that "all relevant and material evidence helpful in determining the questions presented, including oral and written reports, may be received by the court" and relied upon in a dispositional hearing.
This court, through our distinguished Presiding Judge, stated in Gentry v. State Department of Pensions and Security,462 So.2d 929 (Ala.Civ.App. 1984), the following:
 "There is a distinction recognized widely, particularly in jurisdictions with statutes similar to our § 12-15-65 (f), between admissibility of evidence at adjudicatory and dispositional hearings in juvenile cases. B.G. v. State, 143 Ga. App. 725, 240 S.E.2d 133 (1977); State v. Robinson, 353 So.2d 442 (La.App. 1977); Tyler v. State, 512 S.W.2d 46
(Tex.Civ.App. 1974). We find the court had sufficient authority, perhaps obligation, to hear the testimony, which was already filed in a written report, under § 12-15-65 (f), and where opportunity for cross-examination of the author of the report was presented. Worley v. Jinks, 361 So.2d 1082, 1089
(Ala.Civ.App.), cert. quashed, 361 So.2d 1089
(Ala. 1978)."
(Emphasis added.)
In the case at hand, the mother requested the written report. In addition, the record indicates that a copy of the report was made available to all parties prior to the hearing. Under these facts, clearly we cannot say that the mother did not have theopportunity to require the author of the report to attend the hearing for purposes of cross-examination or otherwise. Therefore, the trial court was not in error in admitting the written report.
Additionally, the mother claims that the trial court erred in refusing to grant a continuance of the dispositional hearing because the mother was not in attendance.
It is well-settled law that delays are not favored and the grant or refusal of a continuance is within the sound judicial discretion of the trial court. Pody v. Pody, 416 So.2d 1028
(Ala.Civ.App. 1982).
The record reflects that the mother was given notice of the hearing date and the court made an effort to locate the mother at the time of the hearing. No reason was given for the mother's absence. We cannot say that the trial court abused its discretion in refusing to grant the continuance.
The case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 1059