HOLMES, Judge.
This is a termination of parental rights case.
After a hearing, the Family Court of Jefferson County ordered the permanent termination of all parental rights of the father. From this decree, the father appeals.
As this court perceives the father’s argument in brief, he contends in the main that the evidence does not support the trial court’s action in terminating his parental rights. In any event, the dispositive issue is whether the trial court’s action is supported by clear and convincing evidence. See Parker v. Department of Pensions and Security, 437 So.2d 551 (Ala.Civ.App. 1983). We find such evidence and affirm.
The record reflects the father was the legal parent of three children, who are now four, five, and seven years of age.
The Department of Pensions and Security (DPS) first became involved with the oldest child in 1979 after a report that the child suffered a fever from chewing on the tail of a dead rat. Since that time, DPS has continuously worked with the mother and father in attempting to provide proper care for the children.
There was evidence that on several occasions the children were abandoned, and *964 DPS was required to take custody of the children. There was also evidence that the father has shown a complete lack of concern for the children, that he had failed to visit the children while they were in the custody of DPS, and, in some instances, had refused to take custody of the children.
Additionally, evidence reveals that the father has a drug dependency problem and, at the time of the hearing, was incarcerated in the Jefferson County Jail, serving time for a criminal offense.
The children have been in the continuous custody of DPS since 1981.
As stated, after a hearing the trial court permanently terminated the parental rights of the father, and the father appeals, contending that the evidence does not support the trial court’s action.
In every case of this nature, the controlling consideration is the best interests of the children. In order to determine the children’s best interests, the trial court may examine the conduct and activities of the parent. In re Shivers, 440 So.2d 1081 (Ala.Civ.App.1983).
Clearly, in view of the facts as set out above, the father’s lack of concern, the prior abandonment of the children, the father’s drug dependency problem, and the criminality and incarceration of the father, we cannot say that the trial court was in error in terminating the parental rights of the father. This is clearly within the best interests of the children. See Williams v. State Department of Pensions and Security, 460 So.2d 1348 (Ala.Civ.App.1984).
Put another way, the judgment of the trial court in this case is supported by clear and convincing evidence. See Parker, 437 So.2d 551.
In view of the above, other issues alluded to in brief are pretermitted.
The father also contends that the record, made pursuant to Rule 10(d), Alabama Rules of Appellate Procedure, was not complete and had, therefore, caused prejudice. This argument apparently was raised for the first time in appellant’s reply brief to the appellee’s brief.
Objections to a Rule 10(d) record should be made at the trial level and not on appeal. See Ala.R.App.P. 10(d).
Here, the record does not indicate that any appropriate objections now pertinent were raised at the trial level. Furthermore, the Rule 10(d) record was approved and signed by the trial court. Therefore, this argument is without merit.
At this point, we call to the attention of the appellant Rule 28, Ala.R.App.P., which, in part, mandates citations of authority for issues raised on appeal. See Ala.R.App.P. 28.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J„ concur.