EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a termination of parental rights case.
The Department of Pensions and Security (DPS) petitioned the juvenile court, seeking permanent custody of two young children and the termination of parental rights. After an ore terms trial, the juvenile court granted the relief which was sought by DPS. The parents appeal and contend, through able counsel, that the evidence was insufficient to support the final judgment of the trial court. We disagree and affirm.
Viewing the record in accordance with the attendant presumption of correctness, we summarize the following facts which tend to support the holding of the trial court.
*467 The two children were born in December 1981 and in March 1983. They have not been in their parents’ custody since shortly before DPS obtained an order for their temporary custody in July 1983. Since that time they have lived in foster parents’ homes, and the children have made remarkable progress. The parents have not visited with them since approximately December 1984.
Both parents suffer from emotional and mental disabilities, and both lack the intellectual and emotional adaptive skills to do an adequate job of parenting. They were not able to care for or provide for the needs of the children. There was evidence that their home was unsanitary, full of flies, very cluttered, and very dirty when the children resided with their parents. In the two-year period after DPS obtained temporary custody, the parents lived at approximately fourteen different locations.
The father had five different jobs in addition to doing odd jobs during those two years. The father has been married at least three times and has seven children, including these two. Of his five children by other wives, three have been removed from him and placed for adoption by DPS, and the other two are in the custody of a former wife.
Sometime after these children were taken from the parental home, the mother went to Kentucky with another man, but the parents later reconciled. The mother has never demonstrated a true comprehension of the requirements of being a parent. She possesses few parenting skills and evidences no desire to learn basic mothering techniques. There was evidence of abuse of the children by the mother through neglect, ignorance, or anger. The parents failed to recognize any need for the mother to have supervision and training in order that she might learn to safely care for the children.
Despite the fact that DPS has reportedly made the parents aware of available services and has attempted to work with them extensively in providing services, the parents repeatedly failed to take advantage of those services. DPS attempted to provide, or did provide, assistance to the parents by obtaining food stamps, in arranging vocational counseling and mental health services, in providing a homemaker for the home, in exploring resources of relatives, and in arranging visits with the children, but none of those efforts created any significant improvement in- the life styles of the parents. The mother and father either resisted or refused to accept or benefit from the services. Thus, all efforts towards assistance and rehabilitation of the parents have failed.
None of the relatives will accept the children. Both children can be placed together for adoption in a stable home within three to six months.
The ore tenus rule applies. Therefore, the decision of the trial court is presumed to be correct and will be disturbed on appeal only if it was so contrary to the evidence as to be palpably wrong. Williams v. State Department of Pensions and Security, 460 So.2d 1348 (Ala.Civ.App.1984). The judgment of the trial court was not palpably wrong. There was clear and convincing evidence which upheld the findings of the trial court that the children were dependent, that there existed no viable alternative to the termination of the rights of the parents, and that it was not in the best interest of the children that they be in the custody of their natural parents. Those findings are essential to a valid judgment which terminates parental rights and which grants permanent custody to DPS. Matter of Moore, 470 So.2d 1269 (Ala.Civ.App.1985); Matter of Burnett, 469 So.2d 627 (Ala.Civ.App.1985).
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.