This is a termination of parental rights case.
Following an ore tenus hearing, the Juvenile Court of Madison County ordered the termination of the parental rights of Thomas Wayne and Barbara Ann Johnson in their three children, Shirley Ann, Julie Roseanne, and Thomas W., Jr. Permanent legal custody of the children was vested in the State of Alabama Department of Pensions and Security (DPS), and DPS was given the authority to place the children for adoption.
Only the mother appeals. We affirm.
The dispositive issue on appeal is whether there is clear and convincing evidence to support the trial court's decision that the mother's parental rights should be terminated based upon its determination that the children are dependent and that no less drastic alternatives would best serve the interest of the children. Buckhalter v. Department of Pensions and Security,484 So.2d 1119 (Ala.Civ.App. 1986); In the Matter of Moore,470 So.2d 1269 (Ala.Civ.App. 1985); In the Matter of Burnett,469 So.2d 627 (Ala.Civ.App. 1985). In making this determination, the trial court may consider evidence of the past history of the family, as well as evidence of present circumstances. Haagv. Cherokee County Department of Pensions and Security, [Ms. January 15, 1986] (Ala.Civ.App. 1986).
Although a parent has a prima facie right to the custody of his or her children, this right can be overcome by clear and convincing evidence that removal from the parent's custody is in the best interest of the children. Haag, [Ms. January 15, 1986]; Brown v. Alabama Department of Pensions and Security,473 So.2d 533 (Ala.Civ.App. 1985). The primary consideration is always the best interests of the children in a proceeding to terminate parental rights. Buckhalter, 484 So.2d 1119; Brown, 473 So.2d at 534; Burnett, 469 So.2d at 628.
The evidence having been presented to the trial court oretenus, its judgment is presumed to be correct and will not be set aside on appeal, unless it is so unsupported by the evidence as to be plainly and palpably wrong. Buckhalter,484 So.2d 1119; Haag, [Ms. January 15, 1986]; Brown, 473 So.2d at 534. Applying this standard of review in the present case, we cannot say that the trial court's judgment is plainly and *Page 1187 
palpably wrong. There is clear and convincing evidence which supports the decision to terminate the mother's parental rights.
DPS initiated the present case in July 1985 after a history of working with the mother and father to improve their home and the care of their three children, who were five, seven, and eight years of age at the date of the present hearing. DPS first became involved with the family in 1977 when it investigated a complaint of neglect regarding the children and found them to have lesions on their bodies caused by rat bites.
In June 1981, DPS obtained temporary custody of the children after it discovered the family living in an abandoned store with no water or utilities. The children were returned to the parents after the latter found adequate housing.
In March 1982, DPS again obtained custody of the children at the request of the father, who had supposedly "put [the mother] out of the home" because she did not keep the children clean. The family again had no housing and no income. The children remained in foster care until August 1983 when they were returned to the parents under specific requirements of the trial court that the parents maintain adequate housing and employment, accept homemaker services, keep the children and their home clean, attend classes on preventing child abuse and neglect, and provide adequate medical and dental care for the children.
In October 1984, DPS obtained custody of the children a third time after the father informed it that the mother had threatened him with a knife and had allegedly threatened to kill the children. The father had apparently left the mother for another woman, and the mother had lost her apartment. The children have been in foster care since that time.
Since October 1984, the mother has resided in numerous locations. She resided with three different men, not including the father. At the time of the hearing she was living in a trailer in a junkyard with a married man and was unemployed.
The evidence of the mother's present circumstances and the past history of her neglect and inability to provide for the children support the trial court's decision that the mother's parental rights should be terminated. Over the years DPS provided numerous services to the family to assist the parents in caring for the children and in improving their situation. At the date of the hearing, however, the family had deteriorated, and the mother did not appear to be able to adequately care for the children. The father did not want the children and actually consented to the termination of his parental rights. No other suitable relatives were found with whom the children could be placed.
In view of the above, there was clear and convincing evidence to support the trial court's action.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.