This is a termination of parental rights case.
After an ore tenus hearing, the Family Court of Jefferson County ordered the termination of the parental rights of Katherine Rose in her two-year-old daughter, Melissa McKenzie Rose. Permanent legal custody of the child was vested in James and Rebecca Spencer.
The mother appeals and we affirm.
Viewing the record with the attendant presumptions, we find the following is pertinently revealed:
The child, Melissa McKenzie Rose, was born on March 10, 1983. Four months subsequent to the birth of the child, the mother was arrested on six felony charges arising from her violation of the Uniform Controlled Substances Act. She was sentenced in 1984 to six concurrent fifteen-year sentences for the drug charges.
The child was placed in the care of the Department of Pensions and Security (DPS) on August 31, 1983. The child was transferred to a foster home and then located with the Spencers in January 1984.
There was considerable evidence introduced relating to the mother's dependency upon drugs. This history of drug dependency dated back to as early as 1969 and *Page 258 
had involved treatment at several hospitals. Additionally, the mother has been diagnosed as schizophrenic and has attempted suicide on at least one occasion.
The mother has undergone treatment on several occasions for her drug dependency. This treatment has had little, if any, success.
The mother is currently incarcerated in prison. Her earliest possible parole date is November 1987. This prison sentence marks the third time that she has been incarcerated for drug violations.
It was stipulated that the foster parents, the Spencers, were good and proper parents for the care, custody, and control of Melissa. Further, it was stipulated that the Spencers, distant relatives of the mother, were able to provide the child with good financial aid, support, and a loving home.
The mother contends on appeal that the trial court erred in terminating her parental rights. Further, the mother contends that it was reversible error for the trial court to admit into evidence a DPS file. We disagree.
In order to terminate parental rights, a court must first find, from clear and convincing legal evidence, that the child is dependent. Once dependency is found, the court must decide if less drastic measures than termination of parental rights would better serve the best interests of the child. SeeFitzgerald v. Fitzgerald, 490 So.2d 4 (Ala.Civ.App. 1986);Johnson v. State of Alabama, 485 So.2d 1185 (Ala.Civ.App. 1986). In making a decision, the trial court may consider evidence of the past history of the family, as well as evidence of present circumstances. Haag v. Cherokee County Department ofPensions and Security, 489 So.2d 586 (Ala.Civ.App. 1986).
The trial court's judgment in termination of parental rights cases is reviewed under the ore tenus rule. It, therefore, must be given every favorable presumption of correctness and will not be set aside unless found to be plainly and palpably wrong.See Johnson, 485 So.2d at 1186.
In light of the evidence in this case, we cannot say that the trial court erred in terminating the mother's parental rights. The evidence presented in this case is clear and convincing that the mother's parental rights should be terminated.
As stated, the evidence revealed that the mother has a history of dependence upon drugs, dating back to 1969, and is currently incarcerated for violation of state drug laws. She has undergone treatment for her drug dependence at several hospitals, but with little, if any, success. She is currently incarcerated for six felony violations relating to her forging of prescriptions and possession of drugs. This prison sentence is her third imprisonment related to her drug usage.
Additionally, the mother has suffered from mental problems and is currently undergoing treatment in prison for schizophrenia. There has been at least one attempt of suicide by the mother.
In view of the above evidence, it is clear that the trial court did not err in terminating the mother's parental rights.
The mother also contends that the trial court committed error in admitting into evidence certain records of DPS. We disagree.
In the case at bar, there seems to have been no distinction drawn by the trial court between evidence considered for purposes of an adjudicatory hearing and that of a dispositional hearing. We assume that the trial court considered this evidence for purposes of deciding the disposition of the child. In light of our assumption, we note that Ala. Code (1975), § 12-15-65 (f), is controlling on this issue. It states as follows:
 "(f) In disposition hearings all relevant and material evidence helpful in determining the questions presented, including oral and written reports, may be received by the court and may be relied upon to the extent of its probative value, even though not competent in a hearing on the petition. The parties or their counsel shall be afforded an opportunity to examine and controvert written reports *Page 259 
so received and to cross-examine individuals making reports."
Ala. Code (1975), § 12-15-65 (f). This cited paragraph has been interpreted by this court in Gentry v. State Department ofPensions and Security, 462 So.2d 929 (Ala.Civ.App. 1984), as drawing a sharp distinction between the admissibility of evidence in adjudicatory and dispositional hearings in juvenile cases.
In any event, for whatever purpose the contested evidence was introduced, we note in the case at bar that counsel for the mother was denied an opportunity before the hearing to examine the DPS file offered into evidence. As a consequence, the mother was denied the opportunity to examine and controvert the evidence contained within the file. This denied opportunity appears to this court to be error in light of § 12-15-65 (f) of the Alabama Code of 1975. However, as we view this error, we find it to be harmless, given the overwhelming, other competent evidence supporting the trial court's disposition of the child. We also note that much of the evidence contained within the DPS file admitted was also cumulative in light of other competent witnesses' testimony. Rule 45, Alabama Rules of Appellate Procedure.
We find no reversible error. This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.