L. CHARLES WRIGHT, Retired Appellate Judge.
The superintendent of Oneonta City School initiated this case by filing a Child in Need of Supervision (CHINS) petition in February 1988. The petition alleges that Rochelle Payne is in need of supervision because she “has become uncontrollable at school” and “that disciplinary measures taken by the school authorities have not *1264 been sufficient to control her behavior problems.”
Following ore tenus proceedings, the Juvenile Court of Blount County determined Payne to be a child in need of supervision. Payne was placed on six months’ probation.
Lawrence Payne appeals, on behalf of his daughter, Rochelle Payne (“Payne”).
Payne contends the lower court erred in failing to grant her motion for continuance.
The record reflects that the petition was filed on February 2, 1988. On February 19, 1988 the court appointed a guardian ad litem to represent Payne. The appointee declined the appointment. On February 28, 1988 the court appointed Payne’s present guardian ad litem, and set a hearing date for March 2, 1988.
On February 29, 1988 Payne filed a motion for continuance asserting that there was insufficient time to investigate the grounds alleged in the petition and to interview and subpoena witnesses. On the day of the hearing, after oral argument, the court denied the motion. The court, however, allowed Payne’s guardian forty-five minutes to discuss the case with his client. The court further ordered the district attorney to furnish Payne copies of any exhibits he planned to introduce into evidence.
Following the recess Payne renewed her motion for a continuance. Payne's guardian stated the following:
“I’ve been handed multiple page copies of the school records including various school records and copies of hand written notes. Just a few minutes ago was the first time I’ve been able to see them and go over them with my clients. There is several — According to my clients, there’s several discrepancies that I have just not had any opportunity at all to explore. I think they’re very central to this entire case and I’d move for a continuance so I could look into it a little bit more.”
The court denied the motion.
The school records were then offered and accepted into evidence. The district attorney examined the assistant principal and the superintendent as to the contents of the records. No other evidence was presented.
Throughout the course of the hearing Payne objected to the introduction of the records and continued, to no avail, to renew her motion for a continuance.
Code of Alabama 1975, § 12-15-65(f), which is controlling in this cause, provides the following:
“(f) In disposition hearings all relevant and material evidence helpful in determining the questions presented, including oral and written reports, may be received by the court and may be relied upon to the extent of its probative value, even though not competent in a hearing on the petition. The parties or their counsel shall be afforded an opportunity to examine and controvert written reports so received and to cross-examine individuals making reports.”
Here, we are not concerned with the general admissibility of the record but only with its admissibility without prior notice and opportunity to examine and controvert the evidence contained within the record.
We have consistently held that a report is admissible in dispositional hearings if the author of the report is in court and available for examination. Rose v. Spencer, 491 So.2d 257 (Ala.Civ.App.1986); Lyle v. Eddy, 481 So.2d 395 (Ala.Civ.App.1985); Matter of Lawler, 484 So.2d 451 (Ala.Civ. App.1985), cert. quashed, 484 So.2d 455 (Ala.1986); Kelley v. State Department of Pensions & Security, 366 So.2d 736 (Ala. Civ.App.1979). However, we have also found that the “opportunity to examine and controvert” the evidence found within the record is necessary to its admissibility. Rose; Matter of Lawler; Kelley.
Here the record reflects that Payne made proper objection to the introduction of the record on the grounds of lack of notice and opportunity to examine it. We find the forty-five minutes the court allowed Payne to examine the record to be insufficient. Code of Alabama 1975, § 12-15-68, allows for continuances in this type case. We find that a continuance would have remedied this error.
We do not find this error to be harmless, because the only testimony presented at *1265 the hearing was that of the assistant principal and the superintendent concerning the contents of the school record and the only evidence introduced was the school record.
The grant or denial of a motion for continuance is within the sound discretion of the trial court and will not be disturbed on appeal without a clear showing of abuse of discretion. Landers v. Association for Guidance, Aid, Placement, & Empathy, 472 So.2d 1055 (Ala.Civ.App.1985). Because a reasonable opportunity was not allowed for preparation of the defense of the accused in this case, we find the court to have abused its judicial discretion.
We pretermit the remaining issues.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.