THIGPEN, Judge.
This case involves the termination of parental rights.
In April 1991, the Madison County Department of Human Resources (DHR) filed a petition requesting the court to terminate the parental rights of M.K., the mother, and A.P., the father, to M.A.K., an infant. DHR’s petition was granted and permanent custody of M.A.K. was awarded to DHR. Both the mother and the father appeal, and their appeals are consolidated here.
The dispositive issue on appeal is whether the trial court erred in terminating the parental rights of the mother and the father.
The termination of one’s parental rights is an extreme matter, which we do not consider lightly. Our Supreme Court expressed its concern by stating that “Parental rights are indeed cherished and deserve the law’s utmost protection against unwarranted interference.” Ex parte Beasley, 564 So.2d 950, 954 (Ala.1990). A natural parent has the prima facie right to custody of his or her child; however, that right can only be overcome by clear and convincing evidence that permanent removal from the parent’s custody serves the best interests of the child. East v. Meadows, 529 So.2d 1010 (Ala.Civ.App.1988). Notwithstanding that prima facie right to custody, the best interests of the child are controlling. Matter of Burnett, 469 So.2d 627 (Ala.Civ.App.1985).
When the State is the petitioner in termination proceedings, the trial court must apply a two-pronged test in determining whether to terminate the parental rights. Beasley, supra. First, the court must find from clear and convincing evidence that the child is dependent, and second, the court must determine that all viable alternatives to termination have been considered. Beasley, supra.
Apparently DHR had been involved with the mother and her family since at least 1977 in providing numerous services, including assisting the mother with two infants who were born previously. The record reveals that when M.A.K. was born, the hospital notified DHR and a DHR caseworker visited the mother and the infant in the hospital to question the mother regarding plans for the infant. Wfiien it was learned that the mother intended to take the infant home, a caseworker visited the home. She testified that the six-room house “was deplorable,” that it had approximately nine people staying in it, and that there were no preparations, i.e., bed or supplies, for the infant. She determined that the home was inadequate, dangerous, and unsuitable for the infant. She visited the infant’s father, who told her that he would purchase supplies for the infant on a credit card and that he planned to have the utility services reconnected the following day. The caseworker sought and obtained an order for immediate shelter care for the infant. The infant remained in foster care during the time preceding the petition.
Testimony was allowed regarding the past experiences of the mother with DHR as it concerned the termination of the mother’s *588 parental rights to two other children. Because the custody of this infant was placed with DHR shortly after her birth, the parents never had physical custody of this infant. There was evidence that the mother and the father visited the infant during the time the infant has been in foster care. The evidence was that the visits were as scheduled and that the behavior of the parents on those visits was appropriate. There was some evidence regarding the efforts of DHR to assist the parents in establishing a home separate from the present crowded conditions in an effort to reunite the parents and the infant. There was testimony that both parents are functionally illiterate and that they needed counseling and assistance to develop a home environment conducive to child-rearing.
The father first challenges the finding that the infant is dependent. In brief, he travels through various subsections of Ala.Code 1975, § 12-15-1(10), attempting to persuade this court that the finding of dependency is without supporting evidence. He maintains, inter alia, that the infant has a home with parents who stand ready to parent the infant, and that the infant is not abandoned, neglected, abused, or otherwise in need of supervision. The evidence clearly supports the trial court’s finding that the infant, as early as one day old, needed supervision and care that the parents were unable and unprepared to render. Further, at the time of the hearing, when the child was approximately sixteen months old, the parents’s living conditions remained unchanged. The record overflows with evidence, which we will not further detail, that is supportive of the trial court’s finding that the infant is dependent.
The trial court’s order stated a finding that “it is in the best interest of said child for the parental rights of the parents ... to be terminated.” Ala.Code 1975, § 26-18-7, provides that the trial court may terminate the parental rights of the parents if it finds from clear and convincing evidence “that the parents of a child are unable or unwilling to discharge their responsibilities to and for the child, or that the conduct or condition of the parents is such as to render them unable to properly care for the child and that such conduct or condition is unlikely to change in the foreseeable future.... ” That section proceeds in subsection (b) to enumerate some of the factors a trial court shall consider in determining whether the parents are unable or unwilling to discharge their parental responsibilities.
Record testimony establishes that the parents are willing and they express a strong desire to parent this infant, but that they have not been afforded the opportunity to do so. The record contains evidence regarding the conduct and the condition of the parents which shows that although the parents have not been allowed opportunity to parent this infant, they have been as involved with this infant as DHR has allowed them to be. They have complied with visitation, the father has continued to maintain employment, the mother has sought further education and training to assist her in locating suitable employment, and although unsuccessful, they complied with DHR’s request to seek separate housing through the housing authority.
There is a strong presumption that a child’s best interest will be served by allowing it to be in the custody of the natural parent, who has a prima facie right to the child’s custody. Hickman v. Alabama Department of Pensions & Security, 489 So.2d 601 (Ala.Civ.App.1986). From the record here, it does not appear that this strong presumption was considered and applied. Ala.Code 1975, § 26-18-7(b), provides that when, as here, the child is not in the physical custody of its parents, the court shall also consider, inter alia, whether the parents have provided for the material needs of the child, whether the parents have maintained regular visitation and consistent contact with the child, and whether the parents have put forth effort to adjust their circumstance to meet the needs of the child.
The record here is clear that while the parents have failed to provide financial assistance, i.e., material needs for the child, they have clearly maintained contact and visitation with the child as allowed by DHR, and have attempted, albeit unsuccessfully, to adjust their circumstances to meet the needs of the child. The father has maintained employment throughout this period, and the mother *589 has continued in her efforts to improve her circumstances.
The record contains testimony that in spite of a low intellectual functioning level, these parents could develop acceptable parenting skills, suitable employment skills, and proper housing arrangements with appropriate counseling and assistance. There is no finding by the trial court that the parents “are unable or unwilling to discharge their responsibilities to and for the child” and the evidence would not support that conclusion. Likewise, there is no finding by the trial court that there exists such “conduct or condition of the parents ... to render them unable to properly care for the child and that such conduct or condition is unlikely to change in the foreseeable future.” The trial court expressly found that “reasonable efforts were taken to prevent and/or eliminate the need to remove said child from her parents and/or her home.” The evidence is undisputed that the child was taken from the hospital by DHR shortly following her birth and never allowed to be placed in her home or with her parents except during visitation allowed by DHR. As such, consideration should be given to those factors contained in Ala.Code 1975, § 26-18-7(b).
Based on the foregoing, the case is reversed and the cause is remanded for proceedings consistent with this opinion which could include the further taking of evidence to consider and make findings whether the conditions are proper to care for this infant, and the likelihood of such conditions changing in the foreseeable future.
REVERSED AND REMANDED WITH INSTRUCTIONS.
RUSSELL, J., concurs.
ROBERTSON, P.J., dissents.