This is a child dependency and custody case. *Page 67 
Following an ore tenus hearing, the Juvenile Court of Jefferson County determined that Steven Ronald Carter, age fourteen, was a dependent child. The child had been in the custody of his mother since his parents' divorce. Subsequently, following a dispositional hearing, the juvenile court placed the child in the custody of the father.
The mother appeals. We affirm.
The primary issue is whether there is clear and convincing evidence to support the determination by the juvenile court that the child is dependent. Ala. Code (1975), § 12-15-65 (e).
Ala. Code (1975), § 12-15-1 (10) defines a dependent child, giving numerous reasons for which a court may determine a child to be dependent. Among those reasons is the abandonment of the child by "his parents, guardian or other custodian." The Jefferson County Department of Pensions and Security (DPS) petitioned the juvenile court to have the child declared dependent upon this basis.
The evidence showed that the mother and the child became involved in a heated argument outside a supermarket in August 1985. The child testified that the mother wrongly accused him of "stomping" on his brother's foot and that she clawed him with her fingernails. The child then scratched the mother on the neck.
The mother testified that the child became upset because he wanted a hamburger and that he then "stomped" on his brother's foot and began beating on the top of cars in the supermarket parking lot. She testified that she went inside the supermarket and asked a "deputy," who was apparently a security guard at the store, for help in controlling the child. The deputy took the child inside the store and apparently telephoned the paternal grandmother, who picked the child up from the supermarket and took him home with her for two or three days. She then turned the child over to the juvenile court.
The mother apparently admits that, after she retained the help of the deputy in controlling the child, she left the supermarket, but she testified that she returned about ten minutes later to pick up the child. She stated that "they" did not tell her where the child was at that time and that later she was told that the child had been placed in a Christian home and that she could not see him.
The testimony of the paternal grandmother conflicts with the mother's testimony that she was gone from the supermarket for only ten minutes. The grandmother testified that she was at the supermarket for approximately half an hour and that the mother was not at the store during that time.
The mother contends that the evidence does not establish that she abandoned the child and that the trial court thus erred in determining that the child was dependent.
We tend to agree with the mother that the evidence does not establish the requisite abandonment of the child by the mother. It is not necessary for us to make this determination, however, because we find that the trial court had other grounds for determining the child to be dependent.
Dr. Donald Wendorf, a clinical psychologist who tested and evaluated the mother, testified that his impression of the mother was that she is very unstable, tends to overreact to stress with wild emotion, tends to blame others in a paranoid fashion, and evidences confused thinking. He further testified:
 "I question her stability and her capacity to effectively parent her son while she is so stressed because, in my opinion, she reacts to stress in such a way that she tends to decompensate, and I do not think she could effectively parent her son during those periods without close supervision."
The juvenile court also had before it evidence in the form of a DPS report which indicated that three complaints of neglect or abuse had been made against the mother in 1985, although DPS had not been able to verify the complaints. The DPS report also indicated that the mother had not been *Page 68 
particularly cooperative with DPS and had not taken advantage of services offered to her by DPS, including counseling for her emotional problems and Aid to Dependent Children.
Under Ala. Code (1975), § 12-15-1 (10)(m), a child may be declared dependent if he "for any other cause is in need of the care and protection of the state." We find this provision to give the juvenile court the authority to determine a child to be dependent under the totality of the circumstances described above. It must be remembered that the primary concern in a case such as the instant one is the best interest of the child. Inthe Matter of Stacks, 406 So.2d 979 (Ala.Civ.App. 1981).
We find that there was clear and convincing evidence to support the determination of the trial court that the child was dependent. This conclusion is supported by the fact that the evidence was presented to the trial court ore tenus. Under such circumstances the trial court's determination is presumed to be correct and will not be set aside by this court unless the determination is so unsupported by the evidence as to be plainly and palpably wrong. Fitzgerald v. Fitzgerald,490 So.2d 4 (Ala.Civ.App. 1986); Johnson v. State, 485 So.2d 1185
(Ala.Civ.App. 1986).
The mother's contention that the ore tenus rule does not apply because the facts "were basically undisputed" is without merit. There is conflicting testimony, for example, as to the reason for the argument between the mother and child outside the supermarket and the length of time the mother "abandoned" the child at the supermarket.
We emphasize that this is not a case in which the mother's parental rights have been terminated. It is only a case in which custody has been placed in the father after a determination that the child is dependent. Presumably, if circumstances warrant it, the mother will in the future be afforded an opportunity to establish a meaningful relationship with the child.
The mother further contends that the juvenile court had no jurisdiction to determine the custody of the child. The basis for her contention is the fact that the Jefferson County Circuit Court had earlier obtained continuing jurisdiction over the child when the parents were divorced by that court.
The mother's contention is in this instance without merit. This case is not a custody dispute between the parents, but a determination of the dependency of the child on a petition brought by DPS. In view of the facts and circumstances of this case, the juvenile court has original jurisdiction pursuant to Ala. Code (1975), § 12-15-30 (a)(1).
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.