HOLMES, Judge.
This is a child dependency case.
After an ore tenus hearing, the Jefferson County Juvenile Court found that Tanya Simmons, age fifteen, was a dependent child. The court further found that it would be in the child’s best interest to remain in the temporary custody of Teresa and Tony Colley, with supervision to be provided by the St. Clair County Department of Human Resources. The court awarded reasonable visitation to the child’s father, William Simmons.
The father appeals. We affirm.
The dispositive issue on appeal is whether there was clear and convincing evidence before the trial court to support the determination that the child is dependent. Ala. Code (1975), § 12-15-65(e).
Initially we note that the determination made by the trial court following an ore tenus hearing is presumed correct and will not be disturbed on appeal unless it is so unsupported by the evidence as to be plainly and palpably wrong. Johnson v. State, 485 So.2d 1185 (Ala.Civ.App.1986).
The record reveals, in pertinent part, that the Department of Human Resources (Department) filed a petition, alleging that Tanya had been physically, mentally, or emotionally abused by her parents and was, therefore, dependent. See § 12-15-l(10)j, Ala.Code (1975). Tanya was removed from her father’s custody, and temporary custody of Tanya was awarded to her sister and brother-in-law, Teresa and Tony Colley.
*1147 The evidence presented at the hearing indicated that this petition was filed after the father made Tanya pull down her jeans, and he whipped her with a belt in front of other family members. At school the next day, two of Tanya’s teachers observed bruises and knots on Tanya’s left leg and arm. The Department was contacted.
The father testified that these injuries resulted from a bicycle accident. He also testified that this was only the second time in ten years that he had whipped Tanya and that he had not hit her hard enough to leave welts.
Tanya, testified that her father had whipped her on other occasions. She revealed that on one occasion her father hit her with a fishing rod until it broke. She further indicated that she is afraid of her father when he is angry.
Teresa Colley, Tanya’s sister, testified that she has always been afraid of her father because of his temper. She indicated that the father had hit her and her brother on several occasions, and on one occasion he had broken her brother’s ribs. She also stated that there was an occasion when she had filed charges against the father for indecent molestation, but had later dropped the charges because she did not have anywhere else to go. Her testimony also revealed that she left her father’s custody at age thirteen and went to live with her aunt.
Sherry Simmons, the father’s wife, testified that the father has struck her before and has given her a black eye.
Diane Jensen and Mary Smith, two of Tanya’s teachers, testified at the hearing as to their observations of the bruises and marks on Tanya’s left arm and leg. Additionally, they remarked upon the improvement in Tanya’s demeanor and appearance since her removal from the father’s custody.
The primary concern in cases such as this one is the best interest of the child. Carter v. Jefferson County Department of Pensions & Security, 496 So.2d 66 (Ala.Civ.App.1986). It appears from the evidence presented at the hearing that Tanya has benefited from being placed in the temporary custody of her sister and brother-in-law. Both Teresa and Tony Colley indicated that they have had no discipline problems with Tanya and that they would like for Tanya to continue living with them. Therefore, we find that the trial court did not err when it determined that Tanya was a dependent child.
We want to emphasize that the Colleys only have temporary custody of Tanya and that the father’s parental rights have not been terminated. The father was awarded visitation rights and has the opportunity to establish a better relationship with Tanya.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.