This is a child dependency case.
After an ore tenus hearing, the juvenile court found that Joseph, Jamie, John, Jason, and Jodie Martin, ages eleven, nine, eight, six, and three respectively, are dependent children. The court further found that it would be in the children's best interests to remain in the temporary custody of the Shelby County Department of Human Resources (Department).
The mother appeals. We affirm.
The dispositive issue on appeal is whether there was clear and convincing evidence before the trial court to support the determination that the children are dependent and the disposition made of the children. Ala. Code (1975), § 12-15-65(e).
The record reveals, in pertinent part, that in April 1985 the Department filed five dependency petitions, alleging that the Martins' children were physically, mentally, or emotionally abused while in the home with their parents. The petitions also alleged that the father had fondled Jamie and Jodie while they were bathing. Further, the petitions alleged that Joseph, John, and Jason were subjected to incidents of excessive drinking and violent outbursts by the father, which at times caused the children to hide under the bed. After a detention hearing temporary custody of the children was placed with the Department.
The mother contends that the Department failed to prove the material allegations specified in the petitions, and, therefore, the juvenile court erred in finding the children dependent.
It is not necessary for us to find that the Department proved the specific grounds alleged in the petitions because we find that the juvenile court had other sufficient grounds for determining that the children are dependent. Put another way, the petitions allege that the children are "dependent," and the evidence supports the conclusion that they are dependent.
Mr. Bobby Joe Wilson, an employee with the R S Gas Company, testified that in April 1985 he was at the home of Joe Martin, the father of the minor children. Mr. Wilson testified that he saw Harvey Stamps, a friend of the Martin family, holding a small female child. He further testified that the child was naked and that Mr. Stamps had his "fingers between her legs." Mr. Wilson further testified that the child's mother, Mrs. Martin, was present in the room.
The evidence further shows that Mr. Martin, the father, drank frequently and became intoxicated. The mother testified that he became violent at times and that on occasions she and the children have had to leave home and seek shelter from the father. The evidence further reveals that at *Page 771 
times the father refused to leave the home despite a court order prohibiting him from being there. The social worker testified that the father refused to accept treatment for his alcoholism.
There was also testimony from a twelve-year-old girl concerning alleged sexual misconduct by Mr. Martin. The girl testified that, while she was babysitting for the Martins' children, Mr. Martin started "messing with me." She testified that Mr. Martin put his hand up her shirt and that he pinched and rubbed her on her "rear."
There was ample evidence before the juvenile court to demonstrate that the children are dependent as a result of alcohol abuse, family turmoil, and improper and inappropriate supervision of the children. A child may be declared dependent pursuant to Ala. Code (1975), § 12-15-1(10)(m), if he "for any other cause is in need of the care and protection of the state." We have held that this proposition gives the juvenile court the authority to determine a child to be dependent under the totality of the circumstances. Carter v. Jefferson CountyDepartment of Pensions and Security, 496 So.2d 66
(Ala.Civ.App. 1986). The primary concern in cases such as this one is always the best interest of the child. In the Matter of Stacks,406 So.2d 979 (Ala.Civ.App. 1981).
We find that there was clear and convincing evidence to support the determination that the children are dependent. This conclusion is further supported by the fact that the evidence was presented ore tenus. Under such circumstances the determination of the juvenile court is presumed correct and will not be set aside by this court unless it is so unsupported by the evidence as to be plainly and palpably wrong. Carter, 496 So.2d at 68.
We emphasize that this is not a case in which the mother's rights have been terminated. The Department has only temporary custody of the children. The court found that the parents should be permitted supervised visitation with the children.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.