WRIGHT, Presiding Judge.
This is the second child dependency and custody case involving this mother to come before the court. See Carter v. Jefferson County Department of Pensions and Security, 496 So.2d 66 (Ala.Civ.App.1986). The same issues are raised in this case as were raised in the first: whether there was clear and convincing evidence to support the trial court’s finding of dependency; whether the ore tenus presumption in favor of the trial court judgment should apply; and whether the juvenile court properly had jurisdiction of the case. In Carter we resolved those questions affirmatively and upheld the court’s removal of custody of the fourteen-year-old child from the mother. We similarly rule in this case and affirm the court’s determination that Wesley Carter, age seven, is a dependent child, putting temporary custody in the father, suspending the mother’s visitation rights, and foreclosing review of the court’s custody determination until such time as the mother seeks mental health counseling.
The primary issue is whether there is clear and convincing evidence to support the determination by the juvenile court that the child is dependent. § 12-15-65(e), Code of Alabama 1975.
Section 12-15-1(10), Code 1975, gives the various definitions of “dependency.” In this case, it is contended that the mother is unable to discharge her responsibility to and for her child and that the child is therefore in need of care or supervision. See §§ 12-15-l(10)k, n, Code of Alabama 1975.
Evidence in support of that contention included undisputed testimony that the mother took her child with her when she gathered cans by the side of the road, posing a potential danger to the safety and well-being of her child. There was also evidence that the mother had been unemployed for almost a year and did not avail herself of the social services to which she was entitled and which could have improved the living conditions of her child. There was also evidence in the form of expert testimony. The expert, a clinical psychologist, summarized his appraisal of the mother as follows:
“My impression was of a woman who was very unstable, who would tend to overreact to even small stresses by becoming extremely emotional, suspicious to the point of being paranoid, confused in her thinking, even delusional, who would blame others rather than being able to see that as her own problem; who is in a very conflictual relationship *1244 with her family; who does not have very good judgment. And I question her stability and her ability to parent her child effectively.”
There was therefore legal evidence upon which the court could conclude that the child was dependent, and that it was not in the present best interest of the child to continue custody in the mother.
Pursuant to the ore tenus rule, when a trial court personally hears evidence and observes the witnesses, the judgment rendered is presumed to be correct on appeal. The judgment will not be altered if it is supported by legal evidence unless it is palpably wrong or unjust. Keimer v. Keimer, 462 So.2d 381 (Ala.Civ.App.1984). This is so because the trial judge is in the singular position to appraise the credibility and demeanor of the witnesses.
So it is in this case. From our review of the record, we cannot say the court’s determination of dependency was so palpably inconsistent with the evidence as to require reversal. Although we are well aware of the scientific limitations in the area of psychological diagnosis, and though we do not think that the mother’s supervision of her child while gathering cans by the side of the road by itself would properly result in a finding of dependency, we cannot hold — given the presumption of correctness of the trial court judgment — that the court erred in finding dependency in this case in light of all the evidence.
Here, as in the prior case, “the mother’s contention that the ore tenus rule does not apply because the facts ‘were basically undisputed’ is without merit.” Carter, supra, at 68.
We have dealt with the mother’s contention that the juvenile court lacked jurisdiction in the prior case. We said:
“The mother further contends that the juvenile court had no jurisdiction to determine the custody of the child. The basis for her contention is the fact that the Jefferson County Circuit Court had earlier obtained continuing jurisdiction over the child when the parents were divorced by that court.
“The mother’s contention is in this instance without merit. This case is not a custody dispute between the parents, but a determination of the dependency of the child on a petition brought by DPS. In view of the facts and circumstances of this case, the juvenile court has original jurisdiction pursuant to Ala.Code (1975), § 12-15-30(a)(l).”
Carter, supra, at 68.
We emphasized in the prior case that the mother’s parental rights were not being terminated. The court’s judgment in this case compels us to underscore our earlier emphasis: the trial court has set as a condition for its review of determination of custody, that the mother seek mental health counseling. Such condition appears reasonable.
This case is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.