BRADLEY, Presiding Judge.
This is an appeal in a case involving a child dependency and custody matter.
This case arose on December 20, 1986 when Mrs. Carla Hall Campbell (hereinafter referred to as the mother) became intoxicated and passed out in the parking lot of a motel. At the time of this incident, the mother’s four-year-old son was with her. There is testimony in the record which reveals that the son subsequently awakened, discovered his mother, became frightened, and sought help. The four-year-old boy apparently wandered to a nearby residence between 12:00 a.m. and 2:00 a.m. and asked the couple living at the residence to call the police.
Mr. Cecil Short, the owner of the residence in question, notified the Lineville Police Department that the boy was at his residence and needed help. At approximately 2:00 a.m. Officer Sidney Ford arrived at the Short residence and took the boy to the motel parking lot where the mother was located. Officer Ford testified that he unsuccessfully attempted to awaken the mother, who was in an automobile along with one Mr. Mark Smith, who was also unconscious.
The record reflects that after being unable to revive the mother Officer Ford transported the boy to the Lineville City Police Department, where he called the Clay County Department of Human Resources and asked them to come and pick up the child.
After a social worker for Human Resources had picked up the boy, Officer Ford returned to the motel parking lot, where he arrested the mother for public intoxication and violation of the state’s prohibition laws. Officer Ford testified that when he arrested the mother she was extremely intoxicated and that there were open beer bottles in the automobile in question.
On December 22, 1986 the Clay County Department of Human Resources (hereinafter Human Resources) filed a petition in the Clay County Juvenile Court seeking the court’s determination that the child was *536 dependent. The same day, the court held a hearing on the dependency petition and, after hearing testimony, ruled that the child in question was dependent and placed him in the temporary care, custody, and control of Human Resources. The trial court also ordered Human Resources to work with the mother and make plans to return the child to the mother when she was able to provide proper care for him.
The mother now appeals and argues that the trial court abused its discretion in finding her child dependent and placing him in the temporary care of Human Resources.
At the outset, we note that a court may properly declare a minor child to be dependent if it determines, based on the totality of the circumstances, that the child is in need of care and protection. See Carter v. Jefferson County Department of Pensions & Security, 496 So.2d 66 (Ala. Civ.App.1986); see also, §§ 12-15-l(10)(j) and -l(10)(k), Code 1975. Additionally, in cases such as the one at bar, the primary concern of a court is the best interests and welfare of the child, and its determination will not be disturbed on appeal absent a showing of a clear abuse of discretion. Melton v. State Department of Pensions & Security, 448 So.2d 392 (Ala.Civ.App. 1984).
We have carefully read the record and reviewed the briefs. Based upon our review of the record, we believe that clear and convincing evidence exists to sustain the finding and order of the trial court. The record reveals that the mother apparently became intoxicated and passed out in a motel parking lot while her four-year-old son was left to roam alone in the early hours of the morning.
Based on this evidence, the trial court could have reasonably concluded that the child was dependent within the meaning of section 12-15-1(10), Code 1975. See, Carter, supra. Therefore, we hold that the trial court did not abuse its discretion in determining the child to be dependent and awarding temporary custody to Human Resources. We again point out that the mother was deprived of temporary custody of her child and that the child is to be returned to her custody when she demonstrates that she is worthy of such trust. This is not a termination of parental rights case.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.