INGRAM, Judge.
This case began in the juvenile court in January 1987 as a dependency petition filed by the Jefferson County Department of Human Resources (Department), alleging that the mother was unable to provide for the material needs of the minor child, Shelia C. Kennedy, age one. In July, June (the mother’s paternal aunt) and Kevin Dixon moved to intervene in the dependency proceeding and sought to have the juvenile court entertain their own petition alleging dependency and asking for custody of the child. Over objections, the Dixons were permitted to intervene.
After an ore tenus hearing, the juvenile court found that the minor child was dependent. The court placed the child in the custody of the Dixons. The mother was granted visitation rights with the child. The mother now appeals.
The dispositive issue on appeal is whether there was clear and convincing evidence before the juvenile court to support the determination that the child was dependent and the disposition made. Ala.Code 1975, § 12-15-65(e).
The facts, in pertinent part, reveal the following: The mother of the child is herself a minor. She is not married, and the alleged father of the child is serving a life sentence in the state penitentiary. The mother has had a long history with the Department herself. She has been the subject of neglect, truancy, and runaway petitions.
When the minor child was born, she lived with the mother and grandmother in a two bedroom apartment described as
“a dirty, filthy, unkept, deteriorating building.... The family’s housekeeping habits were very poor, and the congestion of furnishings, clothing, and what-have-you strewn about the place and disarranged, made it appear to be a[n] unwholesome sort of environment, especially with four dogs in the home.”
The social worker testified that the mother acknowledged that she did not have a suitable home for the child to live in nor did *170 she have employment in order to support her child.
The record further reveals that, after the Department filed the petition for dependency, the mother has continued to fail to maintain employment, even though hired on several occasions. Further, she failed to secure Aid to Dependent Children and Medicaid benefits for the child when given the opportunity to do so.
We have carefully reviewed the record and, in view of the above, we find ample evidence to demonstrate that the child was dependent in that the mother is presently unable to provide adequate care for the child. The mother is without income and is dependent upon an unreliable source of support from the maternal grandmother. A child may be declared dependent pursuant to Ala.Code 1975, § 12-15-l(10)(m), if she “may for any other cause be in need of the care and protection of the State.” We have held that this proposition gives the juvenile court the authority to determine a child to be dependent under the totality of the circumstances. Martin v. State, 502 So.2d 769 (Ala.Civ.App.1987). The primary concern in cases such as this one is always the best interests of the child. Martin, supra.
We find that there was clear and convincing evidence to support the determination that the child was dependent. This conclusion is further supported by the fact that the evidence was presented ore tenus. Under such circumstances, the determination of the juvenile court is presumed correct and will not be set aside by this court unless it is so unsupported by the evidence as to be plainly and palpably wrong. Martin, supra.
We emphasize that this is not a case in which the mother’s rights have been terminated. The Dixons have only temporary custody, and the court allowed the mother visitation with the child on the second and fourth weekends of each month from 6 p.m. Friday until 6 p.m. Sunday. The juvenile court also set out certain requirements for the mother to follow in order to regain custody of her child. Therefore, in view of the above and being mindful of the presumption of correctness accorded the juvenile court, we affirm.
In view of the above, all other issues raised by the mother are pretermit-ted. We would note, however, that it appears to this court that the Dixons' motion to intervene should have been denied. See McCulloch v. State Department of Human Resources, 536 So.2d 68 (Ala.Civ.App.1988), where we held that a relative may petition the court for custody after parental rights are terminated, and § 26-18-8(2), Ala.Code 1975. However, in view of the evidence supporting the finding of dependency, we need not decide this issue since, if it was error to allow intervention, it was harmless. Rule 61, Alabama Rules of Civil Procedure.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.