INGRAM, Judge.
On October 23, 1987, Starnes Frederick Bombailey, Jr., was taken into custody by the Shelby County Department of Human Resources (Department), based on evidence of physical abuse by the mother’s boyfriend, Daniel Sutley. Following a dependency petition filed by the Department, an order was issued on October 26, 1987, placing temporary custody of the eight-year-old boy with the Department. In May 1988, following an ore tenus proceeding, the trial court determined that Starnes was a dependent child. As a result, the trial court vested temporary legal custody of the child with the Department and placed the child with the natural father in the State of Tennessee under the supervision of the Tennessee Department of Human Services. The mother appeals from this decision.
The dispositive issue on appeal is whether there was clear and convincing evidence that the child was dependent.
As a rule, the trial court must determine, based on clear and convincing evidence, that a child is dependent before it can properly dispose of the child’s custody. Ala. Code 1975, § 12-15-65(e). A dependent child is defined, among other things, as one who is physically, mentally, or emotionally abused by his parent or guardian. Ala. Code 1975, § 12-15-1(10).
The Shelby County Department of Human Resources petitioned the juvenile court to have the child declared dependent on the ground of physical abuse. The trial court, after balancing the mother’s right to discipline her child with the right of the child to be protected from abuse, specifically found that the child had been “disciplined by excessive means.” It based its finding upon testimony presented by numerous witnesses, such as Sutley, the child’s mother, the police officers who investigated the October 27 incident, a representative of the Department, and a nurse at the emergency room. Any conflict in the testimony presented was a matter for the trial court to resolve. Beene v. Hester, 471 So.2d 422 (Ala.Civ.App.1985). The trial court also considered the deposition of Dr. Smith in making its findings.
A presumption of correctness attaches to the trial court’s findings where, as here, the evidence was presented ore tenus. Absent a showing of plain and palpable error, this finding will not be disturbed on appeal. Simmons v. Department of Human Resources, 500 So.2d 1146 (Ala.Civ.App.1986).
The incident giving rise to this proceeding occurred on October 23, 1987, as follows: The mother and her live-in boyfriend, Sutley, decided that her eight-year-old child should be spanked, after the child came home from school with a note stating that he had used profanity at school. Sutley subsequently spanked the child with his belt in the mother’s presence. He then, as a further disciplinary measure, told the child to stand in the corner of a room while he took the mother to work. Approximately 30 minutes later, he returned to the trailer and attempted to talk to the child, who was still standing in the comer. At this point, according to Sutley, the child cursed at him, which prompted him to slap the child in the face. Shortly thereafter, *303 the police arrived in response to a call from a neighbor who had heard the child’s cries for help. The police immediately contacted the paramedics and the Department. The child was transported to the emergency department of the Shelby County Medical Center by ambulance, where he was examined by Dr. William Phillip Smith. Based upon this examination, Dr. Smith was of the opinion that the child had been repeatedly abused.
The primary consideration in cases such as this is the best interests and welfare of the child. Carter v. Jefferson County Department of Pensions & Security, 496 So.2d 66 (Ala.Civ.App.1986). Sutley, who legally married the mother in May 1988, stated that it was his responsibility to discipline and punish the child. He further stated that he felt the punishment he administered to the child on October 23, 1987, was proper. The evidence reveals that the mother made no effort to intervene during this spanking. In addition, the evidence reveals that the mother insisted several times during an interview with the Department that Sutley had done nothing wrong. Dr. Smith, who has had training in trauma medicine, characterized the child’s injuries as serious.
We conclude, after reviewing the record with the attendant presumption, that there was clear and convincing evidence to support the determination of the trial court that the child was dependent.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.