RUSSELL, Judge.
This is a child custody case.
After an ore tenus hearing, the juvenile court found that Glenda, Leslie, and Jennifer Barnett, ages fourteen, thirteen, and eleven respectively, are dependent. Temporary legal custody of the three minor children was placed with the Lauderdale County Department of Human Resources (Department). The mother was granted liberal visitation. The father was permitted to have contact with the children only by phone.
The mother and father appeal. We affirm.
*1045 The dispositive issue on appeal is whether the trial court’s determination that the children are dependent is supported by clear and convincing evidence. Ala.Code 1975 (1986 Repl.Vol.), § 12-15-65(e). Initially, we note that where evidence is presented ore tenus, the trial court’s determination is presumed to be correct and will not be set aside unless it is plainly and palpably wrong. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986). Furthermore, a child may be declared dependent pursuant to § 12-15-l(10)m, if she “for any other cause is in need of the care and protection of the state.” This provision has been held by this court to give the juvenile court authority to determine a child’s dependency based on the totality of the circumstances. Martin v. State Department of Human Resources, 502 So.2d 769 (Ala.Civ.App.1987).
The record reveals, in pertinent part, that prior to the filing of dependency petitions, the Department had investigated eight reports of child abuse and neglect involving the three minor children. The petitions alleged that the father had sexually abused the oldest child and that the two other children were at risk of sexual molestation. They further alleged that all three children had been sexually exploited and that the mother and father failed to provide them with proper care and protection.
A Department social worker testified that during an interview with the oldest child, the child told her that the father had made the children view pornographic videos. She stated that on one occasion her father entered a bedroom that the three children shared with three children of a woman living with the Barnetts. She reported to the social worker that Melissa Simmons, one of the other children, was fearful that Mr. Barnett was going to harm her and that she armed herself with a screwdriver for protection.
During the same interview, Jennifer, the youngest child, described an incident in which she witnessed her father attempting to get into bed with her older sister, Glenda. She further stated that she had seen her father grab the genitals of one of the young male children living with them. At the hearing the children denied the allegations that they had been sexually molested by the father, but admitted that the father had allowed them to view pornographic videos and that such videos and other pornographic materials were readily accessible to them. However, where the evidence presented greatly conflicts, matters of dependency and custody rest within the discretion of the trial court. Lee v. Jackson County Department of Pensions & Security, 470 So.2d 1294 (Ala.Civ.App.1985).
Additionally, all three children testified that they were sexually molested by a paternal uncle and that both parents were informed of this abuse. Neither parent reported the molestations to the authorities. Furthermore, there was testimony regarding the physical environment in which the children lived in which a social worker stated that the home was “unsanitary and in deplorable condition.”
Based on the totality of evidence, we find that there was clear and convincing evidence to support the court’s determination that the children are dependent. This conclusion is further supported by the fact that the evidence was presented ore tenus.
Finally, we emphasize that this is not a case in which the parents’ rights have been terminated. The Department has only been awarded temporary custody.
This case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.