This is a child custody case.
Following an ore tenus hearing, the juvenile court found Roger Brazier, age six, to be dependent and ordered that temporary legal custody be placed with the Madison County Department of Human Resources (Department). The mother was granted supervised visitation at the discretion of the Department.
The mother appeals. We affirm.
The mother contends that the trial court's determination that the child is dependent is not supported by clear and convincing evidence. Ala. Code 1975 (1986 Repl.Vol.), § 12-15-65(e). Initially, we note that where evidence is presented ore tenus, the trial court's determination is presumed to be correct and will be set aside only if it is plainly and palpably wrong.Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App. 1986). Furthermore, a child may be declared dependent pursuant to § 12-15-1(10)m. if he "for any other cause is in need of the care and protection of the state." Under the authority of this statute, the juvenile court may determine a child's dependency based on the totality of the circumstances. Martin v. StateDepartment of Human Resources, 502 So.2d 769
(Ala.Civ.App. 1987).
The record reveals, in pertinent part, that the Department petitioned for custody of the minor child, alleging that the mother had "engaged in sexual acts" with the child on an "unknown number of occasions." This allegation was based on spontaneous statements made by the child during the course of several interviews conducted by social workers investigating this case. Two of these social workers testified at trial that the child exhibited characteristics common in child victims of sexual abuse.
One social worker, Ms. Hanson, testified that after Roger verbally indicated that he had been abused, she gave him anatomical dolls, with which he demonstrated the alleged abuse by placing the face of the male doll on the genital area of the female doll. A second social worker, Ms. Whitehead, testified that Roger displayed characteristics indicative of sexual abuse, such as sexual play with other children, excessive masturbation, and fear of disclosure.
Two physicians testified, denying evidence of sexual abuse. However, one of these physicians, Dr. Fleming, stated that Roger's behavior might be explained as resulting from "overexposure" to sexual acts or activities. He stated that such behavior could be explained by reasons other than sexual abuse, although evidence of possible alternative rationales was not offered. The law is clear that where the evidence presented greatly conflicts, matters of dependency and custody rest within the sound discretion of the trial court. Lee *Page 1051 v. Jackson County Department of Pensions Security,470 So.2d 1294 (Ala.Civ.App. 1985).
Based on the totality of the evidence, we find that there was clear and convincing evidence to support the court's finding of dependency. This conclusion is further supported by the fact that the evidence was presented ore tenus.
The mother further contends that the juvenile court erred in finding that an award of custody to the Department was in the best interests of the child. Section 12-15-71(a)(3)a., Ala. Code 1975 (1986 Repl. Vol.), however, provides that once a child is found to be dependent, the court may order the transfer of legal custody of the child to the Department. Therefore, we find that based on the evidence presented at trial and the court's determination of dependency, such a transfer of custody was proper and in the child's best interests.
Finally, we emphasize that this is not a case in which the mother's rights have been terminated. The award of custody to the Department is only temporary.
This case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.