INGRAM, Presiding Judge.
After an ore tenus proceeding, the Juvenile Court of Franklin County found that Christopher Daniel Barnett, age four, is a dependent child. The court further found that it would be in the child’s best interest for the maternal aunt and uncle to have temporary legal custody, with placement of the child in their home. The mother appeals.
The dispositive issues on appeal are whether there was clear and convincing evidence to support the determination that the child is dependent and whether the disposition made was proper. Ala.Code 1975, § 12—15—65(e); § 12-15-71(a)(3)c.
The record reveals that, in June 1989, the maternal aunt and uncle filed a petition alleging that the minor child was dependent within the meaning of Ala.Code 1975, § 12-15-1. They alleged that the mother was living with a man out of wedlock, using drugs, and leaving the child unattended. Further, they contended that the child was living in an unstable and unsafe environment, as the mother and her companion were living in tents, a car, and other unsuitable shelter. The juvenile court held hearings on the petition and entered a detailed and comprehensive order. As noted above, the juvenile court found the minor child to be dependent and awarded temporary legal custody to the aunt and uncle.
The facts, in pertinent part, reveal that the mother has moved frequently over the last six months and that neither she nor her live-in companion has any stable employment history. The testimony reveals that the mother has not provided an adequate home and has failed to meet the food and clothing needs of the child. Further, there is evidence of substance abuse by both the mother and her companion in the presence of the child. In fact, the record reveals that the child has exhibited certain *1132 behavior indicating that he has been exposed to the use of marijuana in the home.
In view of the above, we find that there was evidence before the trial court to demonstrate that the minor child was dependent. Clearly, a child may be declared dependent if he “for any other cause is in need of the care and protection of the state.” Ala.Code 1975, § 12-15-1(10)(m). We have held that this proposition gives the juvenile court the authority to determine a child to be dependent under the totality of the circumstances. Martin v. State of Alabama ex rel. Alabama Department of Human Resources, 502 So.2d 769 (Ala.Civ.App.1987). The primary concern in cases such as this one is always the best interest of the child. Martin, supra.
We find that there was clear and convincing evidence to support the determination that the child is dependent. This conclusion is further supported by the fact that the evidence was presented ore tenus. Under such circumstances, the determination of the juvenile court is presumed correct and will not be set aside by this court unless it is unsupported by the evidence so as to be plainly and palpably wrong. Martin, supra. Therefore, as to the finding of dependency, we affirm.
However, as to the disposition made by the trial court, we have no alternative but to reverse. Ala.Code 1975, § 12-15-71(a)(3)c states that, after a child is found to be dependent, the court may transfer legal custody to a relative who, “after study by the department of human resources, is found by the court to be qualified to receive and care for the child.” (Emphasis added.) Here, it is undisputed that no study was conducted by the Department of Human Resources prior to the trial court’s order awarding legal custody to the aunt and uncle. While it is contended that such a study has subsequently been conducted, we have no record of it before us. Therefore, we have no alternative but to reverse that part of the juvenile court’s order awarding legal custody to the aunt and uncle.
This casé is due to be reversed and remanded with instructions to conduct further proceedings or to enter an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON and RUSSELL, JJ., concur.