The Pike County Department of Human Resources (department) filed a petition for custody of S.O. on August 9, 1989. After an ore tenus proceeding, the trial court found the child, age 7, to be dependent. Both the mother and the father appeal.
The first argument on appeal concerns the constitutionality of Ala. Code 1975, § 12-15-65(g). That section allows, under certain circumstances, a child's out-of-court statements to be admissible in dependency cases. However, both the mother and the father contend that it violates the sixth amendment of the United States Constitution and Art. I, § 6, of the Constitution of Alabama of 1901. We disagree.
The above sections cited by the parents deal specifically with criminal prosecutions in which a person has been accused of a crime and will be deprived of life, liberty, or property if found guilty. Here, we are not involved in a criminal prosecution, but rather a civil action to determine dependency. Clearly, a dependency determination is not criminal or quasi-criminal in nature. See Kelley v. State Department ofPensions Security, 366 So.2d 736 (Ala.Civ.App. 1979). Therefore, based on the parents' argument, we find no constitutional infirmity.
The parents also argue that certain requirements of § 12-15-65(g) were not met and that, therefore, the statements of the social worker, the counselor, and the teacher were not admissible. Again, we disagree.
The statute provides, in pertinent part, that
 "[a] statement may not be admitted . . . unless the proponent of the statement makes known to the adverse party his intention to offer the statement and the particulars of the statement sufficiently in advance of the proceedings to provide the adverse party with a fair opportunity to rebut the statement."
Here, an affidavit was filed with the petition in August 1989, specifically stating that Susan Carr, a counselor, and Jill Curtis, a social worker, had been told by S.O. that her father had been sexually abusing her. The child demonstrated, among other things, how her father had touched her on her vagina with his hand. All the information concerning the sexual abuse was contained in the affidavit. Further, the department made known to the parents its intent to offer Ms. Carr's testimony approximately one month prior to her testifying. Further, the parents were notified that Mona Watson, the child's teacher, would testify and were informed about the remarks the child made to the teacher.
Clearly, the parents had notice of the child's statements which formed the basis of the affidavit that was filed with the dependency petition. Further, we find the notice to have been given sufficiently in advance to provide the parents with a fair opportunity to rebut the statements.
The statute also requires that "the time, content, and circumstances of the statement provide sufficient indicia of reliability." In the instant case, the trial court specifically reserved any ruling on this question until after the testimony of the witnesses concerning the child's statements. After hearing all the evidence, the trial court determined that the statement of the child provided sufficient indicia of reliability and allowed it into evidence pursuant to the statute.
After a review of the record, we cannot say that the trial court abused its discretion. The indicia of reliability were provided by the child's personal knowledge of the events, the credibility of the persons testifying concerning the event, the lack of *Page 1314 
any apparent motive to lie, the lack of any evidence of coercion of the child, and the fact that the child gave several persons the same information. We also note that the evidence was presented ore tenus, and the trial court's determination is presumed correct. Carter v. Jefferson County Department ofPensions Security, 496 So.2d 66 (Ala.Civ.App. 1986).
We have reviewed the record and find that the evidence before the trial court established by clear and convincing evidence that the child is dependent. Ala. Code 1975, § 12-15-65(e). We have held that the juvenile court has the authority to determine a child to be dependent under the totality of the circumstances. Carter, supra. Here, there was testimony concerning sexual abuse of the child by the father. Furthermore, there was repeated testimony concerning the child's emotional state. The record revealed that the child was nonverbal, unkempt, shy, timid, and afraid. She had immature speech and was very withdrawn. She also exhibited certain inappropriate behavior, which included going to the bathroom by standing in front of the toilet and occasional episodes of staring blankly and being nonresponsive. However, after she was removed from her parents and placed in foster care, each of the professionals that worked with the child described a change from shy, withdrawn, and almost nonverbal to happy, talkative, and outgoing.
In view of the above, we find that there was ample evidence to support the trial court's finding of dependency. This case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.