ROBERT P. BRADLEY,
Retired Appellate Judge.
This appeal involves child dependency proceedings.
On August 30, 1989 the Department of Human Resources (DHR) filed petitions in the Juvenile Court of Shelby County seeking temporary custody of two minor girls, who were the alleged victims of sexual abuse by their step-father and half-brother. A juvenile pick-up order for both children was signed by the juvenile court and a 72-hour detention hearing was held on September 1, 1989. Following the hearing, the juvenile court granted DHR’s petition for temporary custody and ordered immediate counseling for the two minors. The matter was set for trial on November 16, 1989.
On November 20, 1989 DHR filed an amended petition alleging that the minors’ natural father had physically abused the children and was unfit. On November 16, 1989 the trial court ordered the trial continued until December 12, 1989 and further ordered that the natural mother and father could have supervised visits with the minors. On December 18 the case was rescheduled for trial on March 29, 1990.
On February 13, 1990 a six-month review hearing was held and the court continued to allow supervised visitation by the mother. On April 4,1990 DHR filed a motion to suspend the mother’s visitation privileges. The juvenile court granted the motion on May 8.
A hearing on DHR’s motion to declare the children dependent began on May 25, 1990 and testimony was taken over a period of several months. On November 1, 1990 the trial court entered an order declaring the two minors to be dependent, based on the clear and convincing evidence of sexual abuse against them. The mother filed notice of appeal on November 15, 1990.
From the outset we emphasize that where evidence in a child custody case is presented ore tenus, the trial court’s decision is presumed to be correct and will not be set aside by this court unless the decision is plainly and palpably wrong. Carter v. Jefferson County Dep’t of Pensions & Security, 496 So.2d 66 (Ala.Civ.App.1986).
The mother first challenges the manner in which the juvenile court took the testimony of the minor children at trial. She further contends that the trial court abused its discretion by allowing the minors to testify without being placed under oath and without requiring a predicate of competency to be laid, and further erred by excluding the alleged abusers from the courtroom during the taking of the minors’ testimony.
Section 15-25-3(c), Code 1975, provides that a child victim of sexual abuse shall be considered a competent witness and shall be allowed to testify without prior qualification in any judicial proceeding, with the *1389 trier of fact permitted to determine the weight and credibility to be given to the testimony. In Ex parte McAllister, 541 So.2d 1104 (Ala.1989), the Alabama Supreme Court held that this statute applies to dependency proceedings and allows the court to hear testimony from a child not under oath and for whom no prior finding of competency appears in the record. Moreover, in McAllister the supreme court found that in dependency proceedings a child may be allowed to testify in camera without the presence of the defendants, if the defendants’ counsel is present during the in camera interview.
Here, all the parties’ respective attorneys were present during the in camera testimony; thus the minimum requirements of due process for the defendants have been satisfied. Accordingly, by the authority of the statute and applicable case law, we find no error in the trial court’s ruling concerning the manner in which the children were allowed to testify in this case.
The mother next argues that the trial court abused its discretion in allowing social workers, physicians, and psychologists to testify as to statements made to them by the children.
Section 12-15-65(g), Code 1975, provides that any out-of-court statement made by a child under the age of 12, describing any act of sexual conduct performed on or with the child by another, is admissible in dependency proceedings brought by DHR if the following criteria are met:
“(1) Said statement was made to a social worker, child sex abuse therapist or counselor, licensed psychologist, physician or school or kindergarten teacher or instructor; and
“(2) The court finds that the time, content and circumstances of the statement provide sufficient indicia of reliability. In making its determination, the court may consider the physical and mental age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, and any other factor deemed appropriate.”
Here, the trial court specifically stated that it considered all of the factors set out in § 12-15-65(g)(2) before it found that the children’s out-of-court statements would be admitted into evidence. The statute does not require the trial court to make written findings concerning these factors.
The record indicates that, before ruling on the admissibility of the statements, the trial court did indeed have ample opportunity to observe all the parties involved in the case and to draw conclusions concerning the children’s ability to testify and the relationship of the children to the alleged offenders. We therefore find that the trial court fully complied with the requirements of § 12-15-65(g)(2) before admitting the children’s statements into evidence. We further note that any potential error committed by admitting such evidence was harmless. The statements made by the children were cumulative of evidence which was admitted without objection. McLemore v. Alabama Power Co., 289 Ala. 643, 270 So.2d 657 (1972); Rule 45, A.R.A.P.
There being no reversible error in the trial court’s judgment, it is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.