THIGPEN, Judge.
This is a child dependency case.
From December 1990 until February 1991, A.M., a six-year-old child, complained to her teachers that she was being sexually abused by her brother. She would come to school sleepy, and when questioned by her teachers, she advised them that her brother kept her up all night. A.M. stated to her teachers that she had told her mother on several occasions that her (A.M.’s) brother was abusing her, and that her mother had witnessed this abuse once. She later stated that her mother’s boyfriend was abusing her as well. The teachers testified that they had informed A.M.’s mother of the alleged abuse on several occasions.
Finally, in February 1991, A.M.’s teachers contacted the Shelby County Department of Human Resources (Department), which filed a dependency petition. The Department alleged that A.M. was in “immediate or threatened danger of physical and/or emotional harm” due to the potential of future abuse. The Department also contended that A.M.’s mother was “unable to discharge her responsibilities to and for said child,” based on the Department’s contention that A.M. had informed her mother of the alleged abuse and had been told by her mother not to disclose this information to anyone.
A dependency and detention hearing was held in March 1991, at which time temporary custody was awarded to the Department. In May 1991, a dependency trial was held, at which the trial court determined the Department’s allegations to be true, and that A.M. was therefore dependent. Temporary custody was continued with the Department. The trial court found that it would be inappropriate at that time to award custody to the father, but that after an evaluation of the father’s home and extended visits with her father, A.M. might be placed in his custody. The court also allowed supervised visitation by the mother, with unsupervised day visits allowed upon the recommendation of A.M.’s counselor, provided that A.M. had no contact with her brother or the mother’s boyfriend. The mother appeals.
The mother contends that the court erred in allowing hearsay from a physician concerning A.M.’s allegations of sexual abuse which were told to him during his examination of A.M. The mother asserts that the trial court did not make a finding that the statement provided “sufficient in-dicia of reliability” based on the “time, content, and circumstances of the statement” as required by Ala.Code 1975, § 12-15-65(g). We disagree. Although the mother claims that mere repetition of A.M.’s statements by other witnesses is not enough to allow the court to find “sufficient indicia of reliability,” she cites no authority to support this argument as required under Rule 28(a)(5), Alabama Rules of Appellate Procedure. Even so, there was other competent evidence to support *885 the doctor’s testimony, including the testimony of A.M.’s teachers and a social worker, that went beyond the mere repetition of A.M.’s testimony. The trial court’s order addresses all the factors specified in § 12-15-65(g), such as the physical and mental age and the maturity of A.M., the nature and duration of the abuse, and the relationship of the child to the offenders. In light of the fact that the court could have found “sufficient indicia of reliability” based on the “time, content, and circumstances of the statement”, we cannot find that they erred in allowing the physician’s hearsay testimony.
The mother next contends that there was no clear and convincing evidence that A.M. was dependent and in need of care and supervision as required under Ala. Code 1975, § 12-15-65(e). When evidence is presented ore tenus, the trial court’s judgment will not be overturned on appeal unless it is unsupported by the evidence and therefore constitutes a plain and palpable error. Wallace v. Jefferson County Dep’t of Pensions & Sec., 501 So.2d 473 (Ala.Civ.App.1986), cert. quashed, (Ala.1987). The ore tenus rule, however, is only a “standard of review that the appellate courts use to review factual determinations of the trial court and not the burden of persuasion.” Columbus v. Dep’t of Human Resources, 523 So.2d 419, 421 (Ala.Civ.App.1987), cert. denied, (Ala.1988). In order to affirm, we must find that the record contains “clear and convincing evidence” that the child is dependent. Ala. Code 1975, § 12-15-65(e).
Although there are many contradictions in A.M.’s courtroom testimony, this is normal for the testimony of a six-year-old girl before strangers in a courtroom. The testimonies of A.M.’s teachers and of a social worker not only corroborate A.M.’s story that her brother and her mother’s boyfriend have sexually abused her, but also contradict the mother’s testimony of having no knowledge of the possibility of abuse. The physician found physical evidence that indicated the probability of abuse. A daughter of the mother’s boyfriend testified that she, too, had been abused by her father. We therefore find that there is clear and convincing evidence in the record to indicate that A.M. had been sexually abused and that the mother failed to protect A.M. from this abuse. The trial court did not err when it found A.M. to be dependent and in need of the care of the Department, and therefore, we affirm the judgment of the trial court.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.