ROBERTSON, Presiding Judge.
This dependency case originated when the Morgan County Department of Human Resources (DHR) conducted an investigation which revealed possible sexual abuse of two minor children by the children’s mother and stepfather. DHR filed a petition in the juvenile court alleging sexual molestation and seeking to have the children declared dependent.
After an ore tenus proceeding, the juvenile court found that the petitioner had proven its petition and that the children were depen *332 dent. An appeal was filed in the Circuit Court of Morgan County for a trial de novo. Subsequently, DHR filed a motion to dismiss the appeal or to transfer the case to this court on the grounds that there was an adequate record available to be considered on appeal.
The circuit court transferred the case to this court.
The only issues raised on appeal to this court are whether the juvenile court erred by allowing DHR to pursue this action and whether the juvenile court judge erred in certifying the trial record as adequate for appeal.
The children’s mother contends on appeal that the juvenile court erred by allowing DHR to “prosecute” this case. She cites as her authority for this proposition § 12-17-184(3), Code 1975. However, § 12-15-52(a), Code 1975, provides that “[a] petition may be signed by any person who has knowledge of the facts alleged or is informed of them and believes that they are true.” See R.O. v. Pike County Dep’t of Human Resources, 578 So.2d 1312 (Ala.Civ.App.1990). DHR contends in its brief that “[a]s the petitioner, the Department was a party and had a right to representation in court. Neither the code nor the Alabama Rules of Juvenile Procedure prohibit a party from hiring counsel to appear with them in a juvenile proceeding.” (Emphasis added.) We agree and find no merit in the mother’s argument that DHR was limited to having the district attorney represent it in court and on appeal.
The only other issue before this court is whether the juvenile court judge properly certified the record as adequate for appeal. While there are some inaudible discussions and conversations between the attorneys and the trial judge, there are over 500 pages of recorded testimony submitted to this court for review. Our supreme court has held that such omissions from the record do not make the record inadequate for appellate review. Dobbs v. State Dep’t of Pensions & Security, 484 So.2d 1052 (Ala.1984). We find the record to be quite adequate for review and hold that the juvenile court judge did not err in certifying the record for appeal pursuant to Rule 28(A), Alabama Rules of Juvenile Procedure. We note that the record clearly supports the trial court’s judgment. Having addressed the only two issues raised on appeal, we affirm the judgment of the trial court.
AFFIRMED.
THIGPEN and YATES, JJ., concur.