This is a dependency case.
In April 1992, the Limestone County Department of Human Resources (DHR) filed a complaint in juvenile court alleging that H.A., the father, sexually abused his minor daughter, B.N.A., and requesting that temporary custody of the child be awarded to DHR, with physical custody remaining with the mother. After a hearing, the juvenile court accepted an agreement of the parties. It ordered that the temporary custody of the child be placed with DHR; that DHR have full discretion in its placement of the physical custody of the child, with the presumption that placement will be with the maternal grandparents, subject to the visitation of the mother and of the paternal grandmother; and that the father be prohibited from contact with the child until further orders.
In February 1993, following a dependency hearing, the juvenile court found the child to be dependent, and it ordered that all terms and provisions of its previous order remain in full force and effect. The father appeals.
On appeal, the father argues that the judgment of the juvenile court regarding his daughter's custody dependency was against the great weight of the evidence.
When the trial court is presented with ore tenus evidence, its judgment will be presumed correct and will be set aside only if it is unsupported by the evidence, and is therefore plainly and palpably wrong. L.M. v. State, 591 So.2d 883
(Ala.Civ.App. 1991). "Where the evidence presented greatly conflicts, matters of dependency and custody rest within the sound discretion of the trial court." Brazier v. StateDepartment of Human Resources, 554 So.2d 1049, 1050
(Ala.Civ.App. 1989). The primary concern, however, is the best interests of the child. Carter v. Jefferson County Department of Pensions *Page 949 and Security, 496 So.2d 66 (Ala.Civ.App. 1986).
Natural parents have a prima facie right to custody of their child, and there is a strong presumption that the best interests of a child will be served by placing custody with the natural parents. Hickman v. Alabama Department of Pensions Security, 489 So.2d 601 (Ala.Civ.App. 1986). A trial court's determination that a child is dependent must be supported by clear and convincing evidence. Ala. Code 1975, § 12-15-65(e). A child may be dependent "[w]ho for any other cause is in need of the care and protection of the state." § 12-15-1(10)m. A juvenile court may find a child dependent based upon the totality of the circumstances. Martin v. StateDepartment of Human Resources, 502 So.2d 769 (Ala.Civ.App. 1987).
Applying the above principles to the instant case, we cannot find that the trial court's determination is plainly and palpably wrong. There is clear and convincing evidence contained within the record that supports the trial court's decision that the minor child is dependent.
The record reveals that allegations of sexual abuse first surfaced when the father was given a pre-employment polygraph test as a part of his application for a law enforcement position. A follow-up polygraph was administered with an accompanying Miranda warning. The involved law enforcement officials forwarded a recording of that polygraph to the appropriate county law enforcement department, which in turn forwarded the information to DHR. A DHR social worker then conducted interviews of the mother, the father, and the child.
In addition to the DHR investigation, the father was seen by Dr. Alfred Jack Turner, a clinical psychologist, and the minor child was examined by a pediatrician and assessed by Charlotte Hoffman, a licensed professional counselor with the National Children's Advocacy Center.
The record reveals that the father has engaged in some sexually-inappropriate activity. There was specific evidence introduced at the hearing regarding sexually-inappropriate behavior while the father and his daughter were taking a bath together.
DHR and both experts concurred that the child's therapist and the father's therapist should work together to determine when contact should be re-established. The record discloses that the father loves his daughter very much. Although his actions were admittedly inappropriate, he openly and candidly discussed his actions and emotions regarding his minor daughter.
We find clear and convincing record evidence regarding the totality of the circumstances to support the trial court's finding of dependency and its subsequent custody determination.
We further emphasize that this case does not involve the termination of the father's parental rights, but it is merely a custody determination subsequent to a finding of dependency.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.