The mother appeals from the juvenile court's determination that her two minor children are dependent and should remain in the temporary custody of their maternal grandparents. At issue is whether the court erred in applying the juvenile dependency statute and Rule 25, Ala. R. Juv. P.; in ordering psychological testing of the mother; and in awarding custody to the grandparents, pending further case review.
In June 1995, the grandfather filed a dependent petition for both children, alleging that the mother's home was an unfit and improper place and that the children's morals, health, and general welfare were endangered. The grandfather next moved for an immediate hearing and custody, alleging that the mother had a mental disorder; that she was self-treating her diabetic condition without proper medical supervision; that she suffered from paranoid delusions, which led to threats to kill her children; and that he was fearful that the mother might harm the children. On June 29, 1995, the court set a trial date and, pending trial, awarded custody to the grandparents, with visitation to the mother. It ordered DHR to conduct home studies for both the mother and grandparents and to arrange psychological testing for the mother, and ordered a court-appointed special advocate ("CASA") to monitor the case and to represent the children's best interests. On August 29, 1995, the court again, over the mother's objection, ordered DHR to "set up and pay for psychiatric evaluations" for the mother and to arrange family counseling for the mother and children.
On December 29, 1995, following a hearing, the court found the children to be dependent and that it was in the children's best interests to remain in the grandparents' custody, with the case plan for reunification with the mother. It found, based on psychiatric evaluations that had been submitted, that the mother suffered from emotional problems rather than mental illness. The court awarded the mother liberal visitation and ordered the mother and grandparents to continue their respective counseling and ordered DHR to set up additional psychological testing for the mother in order to obtain a more definitive diagnosis. It set the case for review in March 1996.
The record reveals that the court had adequate evidence and testimony to support its determination that the children were dependent under § 12-15-1(10), Ala. Code 1975, and Rule 25, Ala. R. Juv. P., and to award temporary custody to the grandparents. Two psychological evaluations indicated that, although there was no mental illness or psychosis, the mother was suffering from a range of emotional problems, including depression, anxiety, and emotional instability. Testimony by Dr. Daniel McKeever, who had provided counseling to the mother and her children for several months preceding the hearing, stated that the mother seemed capable *Page 1255 
of being a good parent, but that she seemed over-controlling because of her fear and anxiety for the girls' safety, and that she was suffering from high stress and depression. He also stated that there was a dysfunctional relationship between the grandparents and the mother and that, as a result, the visitation and reunification efforts had not been successful, because the children, particularly the oldest child, did not want to return to the mother's home. Dr. McKeever's primary recommendation was to leave the children with the grandparents, with extensive counseling for the mother, children, and grandparents, and a plan for reunification of both children with their mother. The CASA recommended a temporary placement for the children in a group home, with counseling and then reunification with the mother. DHR recommended that the children be returned to their mother, with home services being provided; however, the DHR case-worker changed her recommendation after listening to testimony, and suggested that the court adopt Dr. McKeever's plan.
It is clearly within the court's discretion to determine matters of dependency and custody, particularly when evidence is presented ore tenus. The court's judgment is presumed correct and will be set aside only if it is unsupported by the evidence, and is therefore plainly and palpably wrong. H.A. v.Limestone County Dep't of Human Resources, 628 So.2d 948
(Ala.Civ.App. 1993). Although the parent has a prima facie right to custody of her children, the court must also consider the best interests of the child and may find dependency based on the totality of the circumstances. Id., at 949; Carter v. JeffersonCounty Dep't of Pensions Security, 496 So.2d 66
(Ala.Civ.App. 1986). In Carter, this court found that a mother's lack of emotional stability was sufficient to support a finding of dependency under the juvenile statute, stating:
 "Under Ala. Code (1975), § 12-15-1(10)(m), a child may be declared dependent if he 'for any other cause is in need of the care and protection of the state.' We find this provision to give the juvenile court the authority to determine a child to be dependent under the totality of the circumstances described above. It must be remembered that the primary concern in a case such as the instant one is the best interest of the child."
496 So.2d at 68 (citation omitted).
Section 12-15-69, Ala. Code 1975, states, "The court, after hearing, may order an examination . . . of a parent or custodian who gives his consent and whose ability to care for or supervise a child before the court is in issue." We conclude that the court did not abuse its discretion in ordering psychological evaluations of the mother. Although the mother objected, the mother's psychological well-being was directly related to her ability to care for the children.
After carefully reviewing the record, we conclude that the court did not abuse its discretion in finding the children dependent; in ordering psychological testing and counseling; and in awarding temporary custody to the grandparents.
AFFIRMED.
ROBERTSON, P.J., and CRAWLEY, J., concur.