THOMPSON, Presiding Judge,
dissenting.
I believe that the juvenile court could have properly determined that the children were dependent based on the totality of the evidence presented to it. § 12-15-102(8), Ala.Code 1975; A.L.D. v. Calhoun Cnty. Dep’t of Human Res., 2 So.3d 855, 861 (Ala.Civ.App.2008) (“The trial court ‘must also consider the best interests of the child and may find dependency based on the totality of the circumstances.’ J.M. v. State Dep’t of Human Res., 686 So.2d 1253, 1255 (Ala.Civ.App.1996).”); Ex parte State Dep’t of Human Res., 890 So.2d 114, 120 (Ala.2004) (same). The evidence in this action, including that pertaining to the mother’s conduct during the pendency of this action and some of her responses during her testimony, support a conclusion that the DHR social workers were correct in having concerns about the mother’s mental health. The juvenile court was in the best position to observe the mother as she testified and to assess her demeanor. J.S.M. v. P.J., 902 So.2d 89, 96 (Ala.Civ.App.2004) (citing Hall v. Mazzone, 486 So.2d 408, 410 (Ala.1986)).
“The cold record before an appellate court, no matter how meticulous its transcription, is incapable of truly reflecting certain human actions and reactions that occur during a trial. The special nuances of the human voice and the infinite number of human facial expressions are incapable of transcription, and, yet, we recognize them as frequently highly indicative of credibility [or demeanor].”
Lilly v. Palmer, 495 So.2d 522, 525 (Ala.1986).
When, as here, a trier of fact fails to make specific findings of fact in its judgment, the appellate courts must assume that it made those factual findings necessary to support its judgment. Ex parte Bryowsky, 676 So.2d 1322, 1324 (Ala.1996). A finding that DHR’s concerns about the mother’s mental health were warranted supports the juvenile court’s judgment, and it is undisputed that the mother refused to cooperate with DHR’s reunification goals to address that concern. The mother refused to sign a release allowing DHR access to her mental-health records and stated that she would submit to a mental-health evaluation in Tennessee. Immediately following the shelter-care hearing, the mother moved to Tennessee without providing her contact information to the DHR social workers. The mother admitted that she has no income, and the record contains no evidence regarding whether her residence is adequate or appropriate for the children. “Because this court is prohibited from reweighing the evidence on appeal or determining the credibility of witnesses, [we] cannot conclude that the juvenile court erred when it determined that the child was dependent.” B.R.G. v. G.L.M., 57 So.3d 137, 142 (Ala.Civ.App.2010). Given the totality of the evidence presented to the juvenile court in this case, I cannot say that the juvenile *1179 court erred in determining that the children were dependent
I also dissent from that part of the main opinion that reverses the juvenile court’s orders requiring the mother to turn over certain property. The record indicates that the mother disputed allowing the children to take some of their personal property, including property that DHR social workers indicated was needed to calm one of the children, who has been diagnosed with a condition on the autism spectrum. The juvenile court had to issue orders authorizing the sheriff to obtain that property. See § 12 — 15—314(a)(4), Ala.Code 1975 (A juvenile court may “make any other order as the juvenile court in its discretion shall deem to be for the welfare and best interests of the child.”).
THOMAS, J., concurs.