BRADLEY, Presiding Judge.
This is a child custody case.
James Edward Johnson, Sr. (father) and Vanessa Anjoy Johnson (mother) were divorced on October 2,1986 and, pursuant to the divorce decree, custody of the two minor children was granted to the father. On February 12, 1987 Daisy Allen (maternal grandmother) filed a verified petition in the Circuit Court of Talladega County, Alabama for permanent custody of the two pre-school aged children, alleging sexual misconduct of the father. The court entered an order that temporary custody of the children be placed with the maternal grandmother. The father filed a motion to dissolve the temporary custody order. After a hearing on the merits the court or *545 dered temporary custody to remain with the maternal grandmother for six months, with visitation rights for the father. The court ordered professional counseling for the children, as well as for the father and his new wife. It was further ordered that the counselors for each submit periodic reports to the court relative to their findings. The father was ordered to pay child support of $50 per week to the maternal grandmother. Custody was to be reevaluated at the end of the six month period of temporary custody. The father appeals. We affirm.
The father contends that the court abused its discretion by awarding temporary custody to the maternal grandmother in that there was insufficient evidence to support a determination that a change in custody was in the best interests of the children. We disagree. When evidence is presented to the trial court ore tenus, the court’s judgment is afforded a presumption of correctness, Williams v. Williams, 402 So.2d 1029 (Ala.Civ.App.1981), and it will not be reversed by this court unless it is shown to be plainly and palpably wrong. Cowan v. Lewis, 495 So.2d 1139 (Ala.Civ.App.1986).
It is well settled in Alabama that the paramount consideration in child custody cases is the best interests of the child. Brown v. Alabama Department of Pensions & Security, 473 So.2d 533 (Ala.Civ.App.1985). Natural parents, as opposed to nonparents, have a prima facie right to the custody of their children. Such right can be overcome only by a finding that the custodial parent is guilty of misconduct or where, from some other cause, the parent lacks the capacity or the means for the proper nurture and training of the child. Ex parte Mathews, 428 So.2d 58 (Ala.1983); see also, Ex parte Terry, 494 So.2d 628 (Ala.1986), and Self v. Fugard, 518 So.2d 727 (Ala.Civ.App.1987). In the case at bar there was sufficient evidence to support the trial court’s determination that the best interests of the children would be served by placing their custody with the maternal grandmother. Moreover, there was evidence in the record from which the trial court could have reasonably concluded that the father was either guilty of misconduct or that he lacked the capacity to properly nurture and train his children.
Although we perceive no need to set forth the evidence in detail, we note that the record reveals a problem involving deviant sexual behavior by the older child, a four-year-old boy. Expert testimony indicated that the behavior most likely resulted from exposure to adult sexual activity. The expert for the maternal grandmother and the expert for the father could not agree on the source of the deviant behavior, but both agreed that a problem existed.
Given the appropriate presumption afforded the trial court, we find that there was ample evidence from which the court could determine that it was in the children’s best interests to be temporarily removed from the custody of the father while the problem was properly being addressed. We find no abuse of discretion in the court’s judgment.
In addition, we note that the trial court ordered counseling of the father and stepmother as well as the children during the period when the father was to be without custody. This action suggests to this court that the trial court was attempting not only to protect the interests of the children but also to enhance the father’s chances of regaining custody of his children.
The father’s request for an attorney fee on appeal is denied. The grandmother’s request for an attorney fee is granted in the amount of $450.
The judgment of the trial court is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.