Appellant (mother) seeks reversal of a temporary judgment for modification of child custody.
The parties were divorced in 1975. Custody of the minor child was granted to the mother by agreement. Through the years since the divorce the child has, by agreement of the parties, lived with his father for periods of up to one year. Visitation with the father has been regular and often. The father has regularly paid child support as directed by the court. The child as of this time is sixteen years of age. For almost fifteen years there appears to have t been no overt issue of changing his custody. Apparently the father brought this f petition because the mother, without advising him, suddenly accepted an active duty assignment with the Coast Guard in Washington, D.C. The mother and son had been living for some time near the father in Mobile. The son had been regularly visiting the father and working with him on his shrimp boat.
There was extensive oral evidence as to the lifestyle and nomadic movements of the mother since the divorce. (As there is no issue presented on this appeal as to the admissibility of much of that evidence, we do not address it here.) She has lived most of the time at various residences in Mobile. However, she has on some occasions applied for active duty assignments with the Coast Guard in or around Washington, D.C. She holds the rate of yeoman 2 and works as a secretary. Since the divorce she has married two other men and has given birth to two other children. One of the marriages was to a seventeen-year-old. She has lived with men for a time without benefit of marriage. At the time of the hearing she was divorced for the third time and living again in Washington. It is evident that the son has attended many different schools. He is only in the eighth grade. He has a learning disability and has not done well in any school, though the father was providing him a tutor at the time the mother took him back to Washington in March of 1989.
The father has also remarried and has two other children. He teaches in a school near Mobile. He holds a maritime master's ticket and apparently operates a shrimp boat. His present wife gets along well with her stepchild and expresses a desire to have him live in the home. There is no question as to the fitness of the father for custody.
The child expresses love for both parents. He refused to voice a choice of either *Page 66 
parent for his custody but asked the court to choose for him. He does not want to live and go to school in Washington or Virginia, but likes the school in Alabama. He loves all of his parents' other children and gets along well with them.
After hearing the testimony, the trial judge abruptly terminated the proceedings, announcing from the bench that temporary custody of the child was given to the father. He further directed that a home study of each parent be made and filed with the court. However, he said he doubted that it would prevent his temporary order from becoming permanent.
The issue presented by the mother is that the evidence is insufficient to meet the requirements of Ex parte McLendon,455 So.2d 863 (Ala. 1984). McLendon states the standard to be applied when one parent seeks to remove the custody of a child from the parent presently holding legal custody. That standard is that "[t]he parent seeking the custody change must show not only that [she/he] is fit, but also that the change of custody 'materially promotes' the child's best interest and welfare." The court in McLendon further said that the parent seeking change of custody must produce evidence to show that the interests of the child will be so greatly promoted as to overcome the inherently disruptive effect caused by the change in custody.
As in every case which proceeds ore tenus, the finding of the trial court on the issue of the best interests of a child is presumed correct on appeal. Vail v. Vail, 532 So.2d 639
(Ala.Civ.App. 1988). That presumption is overcome only by our determination that the evidence is insufficient to support that finding in any material aspect or that the judgment is unjust or is contrary to law. See, Voloshik v. Voloshik,505 So.2d 1233 (Ala.Civ.App. 1986).
We have studied the evidence carefully. There is no dispute that the father is a fit and loving parent. Though the mother is also a loving parent, it is also without dispute that she has been often on the move during the lifetime of the child, changing his environment, school, and friends. She has favored him with at least two stepfathers with whom she first lived in immoral relationships. She has recognized the father's fitness and more stable living conditions by giving him temporary custody of the child for long periods of time, to-wit, one year. She is presently temporarily living for the second or third time in or near Washington, D.C. She expects to return to Mobile or to some other location after her present tour of duty of some two years expires. A change of custody to a father who is stably located, who loves him, who wants him, whom he loves, and with whom he has lived and gone to school is hardly going to be disruptive. We presume he has lived with his father during the months since the trial. It appears that the evidence, with hardly room for disagreement, supports the determination that a change in custody so promotes the best interests of the child that any disruptive effect of such change is overcome.
The judgment of the court below is affirmed.
The husband's request for an attorney's fee on appeal is denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.