ROBERTSON, Judge.
This is a child custody case.
In 1987, the husband and wife were divorced, and the wife was awarded custody of the parties’ minor son, with reasonable visitation to the father. Further, the father was ordered to pay $350 per month in child support.
In October 1988, the mother filed a contempt petition for nonsupport. The father answered on January 13, 1989, and also petitioned for modification of his child support obligations, alleging a material change in circumstances. Then, in April 1989, the father filed a motion for an instanter order suspending child support payments. In the motion, the father alleged that the mother had absconded with the child and, further, *772 that he had communicated with the child only once since the child was removed from Alabama. Also on that day, the father filed an instanter motion for custody, or in the alternative, an instanter motion for immediate visitation.
In June 1989, the mother filed another motion for contempt, or in the alternative, a motion to modify in which she alleged the father was not abiding by certain provisions of the divorce decree. The father then answered on July 3, 1989.
On July 6, 1989, the parties reached an agreement on the child support and property issues, and the court ratified their agreement. A trial was then had on the issue of custody and the court awarded custody to the father.
On appeal the mother asserts that the evidence is insufficient to meet the requirements of Ex parte McLendon, 455 So.2d 863 (Ala.1984). McLendon requires that the parent seeking the custody change demonstrate that he or she is fit and that the custody change “ ‘materially promotes’ the child’s best interest and welfare.” Further, he or she must demonstrate that the disruptive effect caused by the custody change is outweighed by the promotion of the child’s best interests. McLendon.
In ore tenus proceedings, the trial court’s findings concerning the child’s best interests are presumed correct. Vail v. Vail, 532 So.2d 639 (Ala.Civ.App.1988).
We have carefully reviewed the record evidence and find that it amply supports the trial court’s determination. However, we omit a discussion of that evidence as it pertains to the mother because it is essentially the same evidence we related in Robertson v. Robertson, 559 So.2d 64 (Ala.Civ.App.1990). The mother in Robertson, Patricia Robertson, is also the mother in this case, Patti Elliott. However, as this case involves a different child and a different father, we now examine the evidence concerning that relationship. The father in this case, Barry Elliott, is self-employed as a lawn gardener and is in the reserve with the U.S. Coast Guard. Further, he owns a home in which the child, Evan, has his own bedroom. Evan does not have his own bedroom when he is with his mother; instead, he shares a room with her.
The father likewise feeds his son breakfast at home before he goes to school. When the child is with his mother he has breakfast at school because the mother has left for work by 6:30 a.m.
Additionally, the father has obtained speech therapy for his son, who has a stuttering problem, and the father has also enrolled the child in swimming lessons.
We find that these facts indicate that the father is a fit parent and that a change of custody to the father will materially promote the child’s best interests so that any disruptive effect occasioned by the custody change will be greatly overcome. Consequently, the judgment of the trial court is affirmed.
The husband’s request for an attorney’s fee on appeal is denied.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.