ROBERTSON, Presiding Judge.
Following the presentation of ore tenus evidence, the Juvenile Court of Madison County transferred temporary legal custody of R.B., a minor, from the Department of Human Resources (DHR) to R.B.’s maternal aunt and uncle. In addition to finding this temporary placement to be in R.B.’s best interests, the juvenile court stated that such placement also was the best long-term plan for R.B. and granted R.B.’s mother discretionary visitation.
The mother appeals, arguing that the juvenile court erred in finding that the placement of R.B. with his aunt and uncle was in his best interests and was the best long-term plan for the child.
In January 1989, this same trial court adjudicated R.B. to be a dependent child and placed him in the temporary legal custody of DHR. That adjudication and disposition was affirmed by this court at 554 So.2d 1049 (Ala.Civ.App.1989). Subsequent to that adjudication, R.B. was placed in the physical custody of his aunt and uncle, where he has resided ever since.
At trial, the uncle testified that, in addition to having one foster child and expecting to receive another, he wants to make a permanent commitment to provide for R.B. until he is grown. He noted that since R.B.’s arrival, his discipline at home and his grades in school have improved. He also testified, however, that immediately following visits with his mother, R.B. is more irritable and withdrawn than usual.
*698 June Buff, the court-appointed juvenile advocate assigned to R.B.’s case, also testified that R.B. has behavioral problems at school following visits with his mother. Overall, though, Ms. Buff stated that R.B.’s behavior and schoolwork have improved since being with his aunt and uncle. She recommended that R.B. remain with them because, at this point in his life, R.B. needs stability and continuity. She further recommended that R.B. not be returned to his mother because of prior allegations of sexual abuse committed against him by his mother.
Mr. Charles Deville, a counselor at the Family Services Center, first began coun-selling R.B. for behavioral problems. Although these sessions were discontinued due to R.B.’s improvement, they were reinstituted after a visit between R.B. and his mother. Mr. Deville stated that at one time R.B. expressed a desire to return to his mother, but that this seemed to stem from the fact that R.B. was worried about her. Later, however, R.B. expressed doubts about returning to her because he feared he would never get to see his aunt and uncle again. Since R.B.’s behavior and schoolwork have improved, Mr. Deville recommended that he remain in his current situation.
Jim Fondren, R.B.’s school principal, testified that R.B. was placed in the emotionally conflicted (E-C) program during kindergarten due to behavioral problems. Although R.B. will continue in the E-C program next year, Mr. Fondren stated that R.B.'s behavioral problems have diminished, and his grades have improved to the level of A’s and B’s.
Kimberly Crutcher, the DHR case worker assigned to R.B., described him as much calmer now than when temporary custody was first given to DHR. Ms. Crutcher usually supervised the visits between R.B. and his mother and noted that he was nervous around her, whereas he was playful and energetic around his aunt and uncle. According to Ms. Crutcher, R.B.’s mother seemed to attempt to get sympathy from him concerning her financial troubles brought on by continued court proceedings. During one visit, Ms. Crutcher testified that she smelled alcohol on the mother, although the mother denied having had anything to drink. The visit ended abruptly, following some physical aggression on the part of the mother. Overall, DHR recommended that temporary legal custody of R.B. be transferred to his aunt and uncle, with his mother having continued visitation.
The law in Alabama is well settled that the paramount consideration in child custody cases is the best interests of the child. Johnson v. Allen, 519 So.2d 544 (Ala.Civ.App.1987). We also note that the trial court’s findings as to the child’s best interests are presumed to be correct whenever evidence is received ore tenus. Elliott v. Elliott, 560 So.2d 771 (Ala.Civ.App.1990). Therefore, applying the evidence before us to the applicable standards, we hold that the trial court did not err in finding that R.B.’s best interests would be served by placing him in the temporary legal custody of his aunt and uncle.
Accordingly, the judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ„ concur.